**STATE of Iowa, Appellee,**

v.

**Harold Duane FURGISON, Appellant.**

**No. 53710.**

Supreme Court of Iowa.

March 10, 1970.

Dan Johnston, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., William W. Garretson, Asst. Atty. Gen., and Robert W. Jansen, Johnson County Atty., for appellee.

LeGRAND, Justice.

Defendant was convicted of breaking and entering The Fin and Feather Sporting Goods Store in Iowa City. He was sentenced under section 708.8, Code of Iowa, to serve a term of not more than ten years in the penitentiary. He appeals from this judgment, and we affirm.

On January 25, 1969, four officers of the Iowa City police department responded to an automatic alarm signal from The Fin and Feather Sporting Goods Store. There they discovered defendant seated on the ground outside the store near a broken window. He had six pistols in his possession. They were taken from him, two by Officer Ewalt and four by Captain Lee. All six were delivered to Sergeant Strand at the police station.

Either one or two hours later—the testimony on this point varies—Officers Ewalt and Spivey, Captain Lee, and Sergeant Strand labeled and packaged the guns, which were then placed in an evidence locker at the station. As part of this process, the serial numbers were recorded.

At trial the manager of the store identified these weapons by their serial number as having been taken from the store's inventory. He also testified to the value of the property, which is not an issue here.

There is little dispute about any of the facts above recited. Defendant's sole assignment of error is that he was denied due process of law under the Federal Constitution because his conviction rests on fatally defective identification of the guns supposedly stolen from The Fin and Feather Sporting Goods Store.

Defendant's present counsel did not try the case below. Apparently no objection was there made to the introduction of the guns as exhibits. The record shows no claim of faulty identification or lack of custodial foundation. We assume that is why the case now comes to us on general constitutional grounds.

Defendant does not specify wherein he has been denied due process. He merely refers us to Garner v. State of Louisiana, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207, and Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654, to support his claim. Those cases both involved prosecutions based on circumstances the United States Supreme Court found to be violations of defendants' civil rights. They bear no factual similarity to the appeal now before us. However, the rule there announced is applicable here: a conviction totally devoid of evidentiary support is unconstitutional under the due process clause of Amendment 14. As the court pointed out there, the question raised does not turn on the sufficiency of the evidence, but on whether there is any evidence at all to support the conviction.

Defendant is not helped by anything said in these decisions. His conviction is not

"totally devoid of evidentiary support"; on the contrary the evidence points inexorably to his guilt.

Defendant was apprehended at the scene of a crime immediately after its commission. He had in his possession property which was later identified as having been stolen from that very place at that very time. We believe the evidence, both direct and circumstantial, is unusually strong in connecting defendant with the crime.

His sole remonstrance is that the police officers were not as meticulous as they should have been in identifying and preserving the guns taken from him at the time of his arrest.

He says the delay of an hour or two in recording serial numbers and in tagging the guns destroys their reliability and renders them inadmissible as evidence against him. He suggests nothing—nor does the record—which might have occurred during this short interval while the weapons were in police custody to alter or change them in any way. In the absence of some showing, any claim they were tampered with would be unreal and fanciful.

Defendant's present protests go to the weight of the identification evidence, not to its admissibility. We have reviewed the cases relied on by defendant. They do not support his position. There was easily enough here to justify the reception of these exhibits and to permit the jury to decide if they were the guns found in defendant's possession. State v. Stennett, 220 Iowa 388, 394, 260 N.W. 732, 736; 52A C.J.S. Larceny § 132, p. 659; State v. Gates, 246 Iowa 344, 349, 67 N.W.2d 579, 582; State v. Shilinsky, 248 Iowa 596, 599, 600, 81 N.W.2d 444, 447 and citations; People v. Riser, 47 Cal.2d 566, 305 P.2d 1, 9, 10.

In oral argument defendant's counsel raised for the first time the argument that the evidence, if it proved anything, established only that defendant was guilty of receiving stolen property, but was totally insufficient to sustain a conviction for breaking and entering. We have given this claim our attention under the duty imposed on us by section 793.18, Code of Iowa, and find it has no merit.

We find no reversible error. Defendant was not denied due process under Amendment 14, and the judgment of the trial court is affirmed.

Affirmed.

All Justices concur except UHLENHOPP, J., who takes no part.