No. 46,396

Sherman L. Preston, *Appellant,* v. State of Kansas, *Appellee.*

(493 P. 2d 187)

Opinion filed January 22, 1972.

*Albert J. Kirk,* of Bogart, Turner, Kirk and Poe, of Wichita, argued the cause and was on the brief for the appellant.

*Roger C. Skinner,* deputy county attorney, argued the cause, and *Vern Miller,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: Sherman L. Preston was convicted by a jury and sentenced as an habitual criminal for second degree burglary and larceny. The same appointed counsel represented him at a preliminary hearing and during the trial. No appeal proceedings were initiated.

On March 27, 1969, the defendant Preston *pro se* initiated post-conviction proceedings under K. S. A. 60-1507. The trial court, after examining the files and proceedings in the original case, summarily denied his motion to vacate the sentence. The court found the questions raised in the post-conviction motion related to trial issues previously disposed of at the trial. Preston appeals from that order.

This court is urged to reverse the lower court on the basis of three alleged trial errors.

During appellant's trial a screw-driver and a table knife were admitted into evidence. These were found in appellant's car when he was arrested. There was evidence that these may have been used during the burglary to open a file cabinet. Appellant granted permission to the officers to search his car, and those items were found. At the trial he claimed permission was involuntarily granted. He renews this claim in his motion.

The second claim of error is based upon the admission into evidence of statements made by appellant during interrogation. At

the trial the voluntary nature of these statements was inquired into before the trial court allowed them to go to the jury.

The third claim of error is based upon a statement made by the prosecuting attorney during defendant's closing argument. The prosecuting attorney lodged an objection to a portion of defendant's closing argument and stated that defendant's counsel was trying to inject prejudicial error into the trial of the case. The trial court sustained the objection and nothing further was said.

These three alleged errors relate to procedural matters at the trial. The post-conviction remedy (K. S. A. 60-1507) cannot ordinarily be used as a substitute for an appeal in raising alleged trial errors. (*Hanes v. State*, 196 Kan. 404, 411 P. 2d 643; *Cipolla v. State*, 207 Kan. 822, 486 P. 2d 1391; Rule No. 121 (*c*) (3) of the Supreme Court, 205 Kan. xlv.) If exceptional circumstances are shown which will excuse the failure to appeal then a movant may be permitted to raise errors affecting constitutional rights in post-conviction proceedings. (See *Minor v. State*, 199 Kan. 189, 428 P. 2d 760; *Ware v. State*, 198 Kan. 523, 426 P. 2d 78.)

The appellant neither alleges nor argues that exceptional circumstances excuse his failure to raise these questions in a direct appeal. The errors alleged are not of constitutional proportions. They should not be examined in post-conviction proceedings.

The appellant does contend that his constitutional rights were not protected in the trial of the case because he was not advised of his right to appeal. We note that appellant was sentenced as an habitual criminal and that he had the services of court appointed counsel at his trial. It appears unlikely that he did not know of his right to appeal. However, such an uncorroborated statement by the appellant does not present a justiciable issue which would require the district court to appoint counsel or grant an evidentiary hearing on a post-conviction motion. (*Call v. State*, 195 Kan. 688, 691, 408 P. 2d 668, cert. den. 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581; *Ware v. State*, supra.)

Appellant's final contention is that this court should recognize that a convicted felon has an absolute constitutional right to appointment of counsel to assist in evaluating the record of trial and in preparing the post-conviction motion.

The federal cases cited in support of this contention relate to appointment of counsel at critical stages of the conviction proceedings. The cases do not support the contention of appellant. The

conviction proceedings end with sentencing and commitment. The evaluation of the trial record and preparation of a post-conviction motion are no part of the conviction proceedings.

This court for many years has held that a trial court is not required to appoint counsel for a movant in post-conviction proceedings in the trial court unless the motion on file presents a substantial question of law or a triable issue of fact. (*State v. Burnett,* 194 Kan. 645, 400 P. 2d 971; *Weigel v. State,* 207 Kan. 614, 485 P. 2d 1347; Rule No. 121 (*i*) of the Supreme Court, 205 Kan. xlv.) We are not impressed with appellant's arguments urging this court to overrule our case law in this area. We decline to do so.

The appellant failed in his post-conviction motion to present any substantial question of law or triable issue of fact. Even the alleged trial errors, which are not cognizable in post-conviction proceedings, do not appear substantial in nature.

The order of the trial court denying post-conviction relief is affirmed.