Harold Duane **FURGISON**, Appellant,

v.

**STATE** of Iowa, and Lou V. Brewer, Warden, Appellees.

No. 55618.

Supreme Court of Iowa.

April 24, 1974.

R. Bruce Haupert, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., Darby Maria Coriden and Robert D. Jacobson, Asst. Attys. Gen., Carl J. Goetz, Jr., Co. Atty. and Thomas M. Martin, Asst. Co. Atty., for appellees.

Heard before MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and McCORMICK, JJ.

RAWLINGS, Justice.

Harold Duane Furgison appeals from summary dismissal of his application for postconviction relief. We affirm.

April 8, 1969, Furgison was sentenced on conviction of breaking and entering. On his resultant appeal we affirmed. See State v. Furgison, 175 N.W.2d 383 (Iowa 1970), cert. denied 400 U.S. 994, 91 S.Ct. 465, 27 L.Ed.2d 442.

May 5, 1971, Furgison filed what is termed an "Application for Motion to Vacate Sentence and Judgment and Appointment of Counsel". This was entertained by trial court as an application for postconviction review. See 1970 Session of the Sixty-Third General Assembly, Chapter 1276 (The Code 1973, Chapter 663A).

June 9, trial court filed "Notice of Intention to Dismiss" (Code § 663A.6) unless petitioner, within 30 days, shall set forth facts which, if proven, would require vacation of conviction or sentence. See Code § 663A.4.

June 23, Furgison demanded an entry of default because time for filing response by the State had expired. See Code § 663A.6.

June 25, trial court overruled Furgison's default demand.

June 29, the State filed resistance to said demand for default and moved for dismissal of the postconviction application.

June 6, Furgison again, by letter, requested appointment of counsel.

The same date Furgison filed an amended application, this time asserting, as grounds for relief, (1) trial court had no jurisdiction to enter sentence because applicant had been denied a preliminary hearing, (2) no indictment had ever been returned against him, and (3) he had been denied effective assistance of counsel.

July 12, trial court found upon a review of the entire record, applicant was not entitled to postconviction relief and no useful purpose would be served by further proceedings. The application was thereupon dismissed.

August 13, Furgison filed a petition for certiorari, docketed in this court as a direct appeal. See Iowa R.Civ.P. 352.

June 16, 1972, counsel was appointed to represent applicant on the aforesaid appeal. Errors here relied on by Furgison in support of a reversal are, trial court erred (1) in dismissing his application without appointment of counsel, absent an evidentiary hearing, and (2) in failing to enter judgment on default by the State.

I. Our review is on errors assigned. If trial court's findings of fact are supported by substantial evidence and justified as a matter of law we will not disturb the judgment entered. See Ogden v. State, 215 N.W.2d 335, 337 (Iowa 1974); State v. Mulqueen, 188 N.W.2d 360, 362–363 (Iowa 1971).

II. The question first to be resolved is whether applicant was entitled to appointed counsel in connection with his trial court postconviction proceeding.

In that regard Code § 663A.5 says:

"If the applicant is unable to pay court costs and expenses of representation, including stenographic, printing, and legal services, these costs and expenses shall be made available to the applicant in the preparation of the application, in the trial court, and on review."

This court first dealt with the matter at hand in State v. Mulqueen, *supra*.

█ Briefly stated, we there observed, 188 N.W.2d at 366, an attorney need not *always* be appointed to represent an indigent postconviction applicant. This perforce means such determination rests in trial court's sound discretion. See State v. Mulqueen, 188 N.W.2d at 365, quoting Dillon v. United States, 307 F.2d 445, 447–448 (9th Cir. 1962); State ex rel. Cherry v. Cormier, 281 So.2d 99, 101 (La.1973).

On the other hand *Mulqueen* inferentially indicates trial judges would ordinarily be well advised to appoint counsel for most indigent postconviction review applicants. This view has merit in that it benefits the applicant, aids the trial court, is conducive to a fair hearing, and certainly helpful in event of appeal. See Sanders v. United States, 373 U.S. 1, 21, 83 S.Ct. 1068, 1080, 10 L.Ed.2d 148 (1963).

In the same vein ABA Standards, Post-Conviction Remedies, § 4.4, commentary at 66 (Approved Draft 1968) says, in part:

"If an application, in light of the state's response, raises no claim cognizable in a post-conviction proceeding, it is wasteful to appoint counsel to determine solely if the applicant has some grounds for relief not stated in his original application. Too, when an applicant has sought relief unsuccessfully in prior applications, where represented by counsel, the court may consider the previous record as reflecting on the need for counsel on a newly filed application."

█ So, in determining whether counsel should be appointed, trial judges should inceptionally read the often inartfully drawn application in a light most favorable to the applicant. In event it thus appears a substantial issue of law or fact *may* exist,

then counsel should be at once appointed. See generally State v. Mulqueen, 188 N. W.2d at 365; Preston v. State, 208 Kan. 648, 493 P.2d 187, 189 (1972); Cureton v. Tollett, 477 S.W.2d 233, 236 (Tenn.Cr. App.1971).

Mindful of the foregoing it is for us to now determine whether Furgison's application, liberally construed, may have presented an issue of fact or law such as to warrant appointment of counsel.

■ III. The record discloses applicant was originally brought to trial upon the filing of a county attorney's information. Thus Furgison was not entitled to a preliminary hearing. See State v. Collins, 260 Iowa 1366, 1369–1370, 152 N.W.2d 612 (1967); State v. Clark, 258 Iowa 254, 257, 138 N.W.2d 120 (1965); Code ch. 769.

■ By the same token need for a grand jury indictment was obviated. See State v. Masters, 196 N.W.2d 548, 550 (Iowa 1972); Iowa Const., art. I, § 11, amend. 3 (1884); Code § 769.1.

Finally, on the subject at hand, this court said in State v. Abodeely, 179 N.W. 2d 347, 355 (Iowa 1970):

"Use of the county attorney's information is said to be violative of the United States Constitution, Amendment 5, made applicable to the states by Amendment 14. This challenge has been made before in State v. Allnutt (Iowa) 158 N. W.2d 715; Hoskins v. Bennett, 256 Iowa 1370, 1376, 131 N.W.2d 510; Kotek v. Bennett, 255 Iowa 984, 988, 124 N.W.2d 710, appeal dismissed and certiorari denied, 376 U.S. 188, 84 S.Ct. 637, 712, 11 L.Ed.2d 604. In the latter case we said: ' * * * · *County attorney informations, to be effective, must be approved by a judge of the district court (section 769.-7) and the rights of an accused are amply protected by other provisions of chapter 769 of our Code.*" (Emphasis supplied).

See also R. Perkins, "The Trial Information in Iowa", 13 Iowa L.Rev. 264, 267–282 (1928).

IV. By his postconviction application Furgison further contended the State failed to plead and prove "corpus delicti".

■ That term basically means the body of the offense. See State v. Dunn, 199 N. W.2d 104, 108–109 (Iowa 1972).

Also, as stated in *Dunn*, 199 N.W.2d at 108:

" ' * * * when applied to any particular offense, that the particular crime charged has actually been committed by some one. It is made up of two elements: *First*, that a certain result has been produced, as that a man has died, or a building has been burned, or a piece of property is not in the owner's possession; *second*, that some one is criminally responsible for the result.' "

■ This court's opinion on Furgison's prior appeal demonstrates the aforesaid "corpus delicti" argument is without substance. There, in reviewing a contention the record was devoid of evidence to support a conviction we said, 175 N.W.2d at 385:

"Defendant was apprehended at the scene of a crime immediately after its commission. He had in his possession property which was later identified as having been stolen from that very place at that very time. We believe the evidence, both direct and circumstantial, is unusually strong in connecting defendant with the crime."

Corpus delicti was clearly established in course of the breaking and entering trial from which this postconviction proceeding stems.

V. In a related argument Furgison apparently takes the position corpus delicti would not have been established had his appointed attorney objected to introduction

in evidence of some guns identified as having been stolen.

At the threshold Furgison seemingly claims the foregoing reveals ineffectiveness of counsel. That argument is, of course, predicated upon the premise such evidence was inadmissible.

■ Turning again to our prior Furgison opinion it becomes evident the instant "illegal evidence" assertion was there entertained and resolved with this statement, 175 N.W.2d at 385:

"He [applicant] says the delay of an hour or two in recording serial numbers and in tagging the guns destroys their reliability and renders them inadmissible as evidence against him. He suggests nothing—nor does the record—which might have occurred during this short interval while the weapons were in police custody to alter or change them in any way. In the absence of some showing, any claim they were tampered with would be unreal and fanciful.

"Defendant's present protests go to the weight of the identification evidence, not to its admissibility. We have reviewed the cases relied on by defendant. They do not support his position. There was easily enough here to justify the reception of these exhibits and to permit the jury to decide if they were the guns found in defendant's possession."

VI. Another claim advanced here is that by his application Furgison had set forth material facts which required vacation of the judgment. This assertion apparently emanates from the affidavit filed as a supplement to the postconviction application.

By said affidavit Furgison stated he would show (1) the State did not prove breaking and entering, criminal agency, or that applicant was a perpetrator, aider, abettor or accessory; (2) prejudicial evidence was illegally presented; and (3) weapons evidentially introduced were neither shown to have been taken from the premises broken into or from his person.

All of these contentions were dispositively found to be without substance in our opinion on Furgison's aforesaid prior appeal. Further discussion will serve no useful purpose.

VII. Applicant also here urges, since the State did not respond to his original postconviction application within 30 days he was entitled to a default judgment. We must therefore inceptionally focus upon applicable statutes and rules of procedure.

In that regard § 663A.6 states, in material part:

"Within thirty days after the docketing of the application, or within any further time the court may fix, the state shall respond by answer or by motion which may be supported by affidavits. * * * The court may make appropriate orders for * * * extending the time of the filing of any pleading."

Then § 663A.7 says, also in part: "All rules and statutes applicable in civil proceedings * * * are available to the parties."

Also, the relevant portion of Iowa R. Civ.P. 230 provides: "A party shall be in default whenever he * * * (d) fails to comply with any order of court or do any act which permits entry of default against him, under any rule or statute."

In State v. Mulqueen, 188 N.W.2d at 362, we held a postconviction review proceeding stands as an action at law triable to the court.

■ Even so, such a collateral review of criminal judgments should be tailored to the purpose thereof without characterization as criminal or civil. It must encompass some attributes of each where appropriate to the objective, at the same time eliminating those inappropriate to the remedial process. See ABA Standards, Post-Conviction Remedies, § 1.2, commentary at 26–27 (Approved Draft 1968).

At the outset Furgison clearly relies on Iowa R.Civ.P. 230, quoted above. But a reading of Code ch. 663A, in its entirety, reveals no provision is thereby specifically or inferentially made for default in event the State should fail to respond within 30 days. Thus statutory provision is significantly lacking for entry of default or judgment thereon in postconviction review proceedings.

Furthermore, it would be anomalous to hold an applicant is entitled to judgment by default against the State, absent a response by it, but that trial courts may, per Code § 663A.6, dismiss an insubstantial application.

In the same vein it is self-evident a default could in no event breathe life into an otherwise meritless application.

[9]. Consequently, default procedures are inconsistent with and would serve no useful purpose in our postconviction review process.

 VIII. By virtue of the foregoing it is also evident the original trial court had requisite jurisdiction to enter the statutorily provided sentence imposed, and it was not excessive. See State v. Evans, 189 N.W.2d 582 (Iowa 1971); Code § 708.-8.

██ IX. Having considered fully all issues raised by Furgison on this appeal, not limited to those discussed above, we are persuaded and now hold, (1) trial court's findings of fact are supported by ample evidence, not induced by application of erroneous rules of law; (2) under existing circumstances trial court did not commit reversible error in failing to appoint counsel for Furgison in connection with his postconviction review application; (3) said application presented no fact issue which required a plenary evidential hearing; and (4) applicant was not entitled to an order of default against the State or to judgment thereon.

Affirmed.