# IN THE COURT OF APPEALS OF IOWA

No. 18-1824
Filed November 6, 2019

**BENJAMIN E. SCHREIBER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Wapello County, Crystal S. Cronk, Judge.

Benjamin Schreiber seeks to resurrect his third postconviction-relief application after the district court granted the State's motion to dismiss. **AFFIRMED.**

Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Potterfield and Greer, JJ.

**POTTERFIELD, Judge.**

Benjamin Schreiber seeks to resurrect his third postconviction-relief (PCR) application after the district court granted the State's motion to dismiss. Schreiber was convicted of murder in the first degree in violation of Iowa Code sections 707.1 and 707.2 (1996). He was sentenced to life in prison without the possibility of parole. On appeal, he alleges the district court made several errors in the course of handling his PCR application, including (1) denying him a meaningful opportunity to respond by failing to provide him adequate notice of the hearing on the State's motion to dismiss, failing to record the proceedings, and dismissing his application without an evidentiary hearing; (2) requiring him to pay 20% of the filing fee for the PCR application; and (3) denying his application for court-appointed counsel.[1] For the reasons below, we affirm.

The events forming the basis for Schreiber's PCR application occurred in March 2015. Schreiber was hospitalized on March 30 after large kidney stones caused him to urinate internally, which in turn led to him developing septic poisoning. According to Schreiber's pleadings, the septic poisoning caused him to fall unconscious in his prison cell. He was transported to a local hospital where he was resuscitated five times by receiving "adrenaline/epinephrine via an

---

[1] Schreiber also argues the district court failed to address all of the claims in the PCR application. In the PCR application, Schreiber claimed his due process rights were violated by hospital staff's failure to abide by his do-not-rescucitate order on file at the hospital. The district court did not address this claim in its order granting the State's motion to dismiss. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). And Schreiber did not ask the district court to address this claim in his motion for reconsideration. Raising this issue on appeal is not sufficient to preserve error. *See Boyle v. Alum-Line, Inc.*, 710 N.W.2d 741, 751 n.4 (Iowa 2006) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.").

IV." After he was resuscitated, medical staff performed surgery to repair organ damaged caused by the kidney stones and treated Schreiber's septic poisoning with antibiotics.

Schreiber filed this PCR application in April 2018. In it he claims he momentarily died at the hospital, thereby fulfilling his "life" sentence under sections 707.1 and 707.2. Because his sentence has been fulfilled, he argues, he is imprisoned illegally and should be immediately released.

The State moved to dismiss, and the district court scheduled a hearing on the motion. Schreiber did not resist the State's motion; he maintains he only became aware of the motion after the district court entered its order granting it. The district court summarized Schreiber's claims and concluded no further proceedings were warranted:

> Petitioner asserts that he "died" on March 30, 2015 and as a result of such "death" he has now served the life sentence and should be released from custody. The court finds this assertion unpersuasive and without merit. Nothing in the record supports petitioner's claims. The petitioner's filing of these proceedings in itself confirms the petitioner's current status as living.

After receiving the court's order, Schreiber filed a motion titled "Petitioner's Pro Se Motion for Reconsideration Pursuant to I. R. Civ. P. 1.904(2)." This motion informed the court that Schreiber had never received notice from the State of its motion to dismiss and insists the court violated his due process rights by granting the motion. In response, the district court entered an order setting a hearing on Schreiber's motion for reconsideration on the pleadings only and directed the State to file their resistance "with proper notice to opposing party." Schreiber did

not submit any documents for this hearing. The district court denied Schreiber's motion, and Schreiber now appeals.

We review PCR proceedings and summary dismissals of PCR applications for errors at law. *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018).

Although it did not specify, the district court apparently dismissed Schreiber's PCR application under Iowa Code section 822.6(2), which allows the court to dismiss an application when it is satisfied "on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to postconviction relief and no further purpose would be served by any further proceedings." Schreiber alleges several errors occurred during this procedure, which together amount to a violation of his due process rights. First, he argues he was not given adequate notice of the hearing on the motion to dismiss, which the district court scheduled after the State moved to dismiss the application. While Schreiber correctly notes he was entitled to "an opportunity to reply to the proposed dismissal," Iowa Code § 822.6(2), the district court fulfilled this requirement by scheduling a second hearing on the merits of his application after the court became aware Schreiber had not been properly notified of the first hearing.

Second, Schreiber claims the district court erred by not recording the hearing on the motion to dismiss, which he claims it was required to do under section 822.7. *See* Iowa Code § 822.7 ("A record of the proceedings shall be made and preserved."). However, the recording requirement of section 822.7 only applies "to evidentiary hearings on the merits of the claim." *Arnold v. State*, 540 N.W.2d 243, 246 (Iowa 1995). The hearing on the motion to dismiss was not

an evidentiary hearing.  As such, the district court did not err by failing to record it.

Third, Schreiber argues the district court erred by dismissing the PCR application without an evidentiary hearing, which he claims was necessary to develop his claims.  "[W]e approach motions to dismiss with great caution." *Allison v. State*, 914 N.W.2d 866, 892 (Iowa 2018).  And we will only grant a motion to dismiss "when there is no conceivable state of facts that might support the claim for relief."  *Id.*

In essence, Schreiber claims that he "died" and was resuscitated by medical staff in 2015 against his wishes, thereby completing his sentence.  He asserts he was sentenced to life without parole, "but not to Life plus one day." Therefore, he is being held in violation of his rights under the Due Process Clause and the Fifth and Fourteenth Amendments to the United States Constitution.  We do not find his argument persuasive.  He cites no case law that supports his position, and Iowa Code section 902.1 directs the district court to commit defendants guilty of class "A" felonies—like Schreiber—"into the custody of the director of the Iowa department of corrections *for the rest of the defendant's life*."  Iowa Code § 902.1(1) (emphasis added).  Because chapter 902 does not define "life," we give that term its plain meaning.  *State v. Hearn*, 797 N.W.2d 577, 583 (Iowa 2011).  "[O]ur primary goal is to give effect to the intent of the legislature."  *State v. Anderson*, 782 N.W.2d 155, 158 (Iowa 2010).

The plain reading of the statute is that a defendant convicted of a class "A" felony must spend the rest of their natural life in prison, regardless of how long that period of time ends up being or any events occurring before the defendant's

life ends. We do not believe the legislature intended this provision, which defines the sentences for the most serious class of felonies under Iowa law[2] and imposes its "harshest penalty," *State v. Oliver*, 812 N.W.2d 636, 645 (Iowa 2012), to set criminal defendants free whenever medical procedures during their incarceration lead to their resuscitation by medical professionals. *See State v. Louisell*, 865 N.W.2d 590, 598 & n.6 (Iowa 2015) (noting "life in prison is the intended punishment for" class "A" felonies and "[l]esser offenses are notably punished less severely"). We conclude the correct reading of section 902.1(1) requires Schreiber to stay in prison for the rest of his natural life, regardless of whether he was resuscitated against his wishes in 2015.

As such, the district court did not err in dismissing Schreiber's PCR application because "no conceivable state of facts" support Schreiber's claim. *See Allison*, 914 N.W.2d at 892. Schreiber is either alive, in which case he must remain in prison, or he is dead,[3] in which case this appeal is moot. *See Maghee v. State*, 773 N.W.2d 228, 234 (Iowa 2009) ("[Defendant]'s death has already ended his imprisonment and rendered release impossible.").

Schreiber next argues the district court required him to pay 20% of the PCR application filing fee in violation of Iowa Code section 822.2, which allows

---

[2] *Compare* Iowa Code § 902.1 (defining the maximum penalties for class "A" felonies) *with id.* § 902.9 (defining the maximum penalties for non-class "A" felonies). Class "A" felonies include murder in the first degree, kidnapping in the first degree, and sexual abuse in the first degree, among others. *See id.* §§ 707.2, 710.2, 709.2.

[3] Given Schreiber appears to have signed his name on the PCR application and his motion for reconsideration—both filed after his "death"—we find this possibility unlikely. Additionally, we note Schreiber appears to have litigated federal claims related to his March 2015 hospitalization as well. *See Schreiber v. Ludwick*, No. 18-2305, 754 Fed. App'x 501, 501–02 (8th Cir. 2019) (affirming the dismissal of Schreiber's § 1983 claim against state penitentiary and hospital staff related to Schreiber's March 2015 hospitalization).

an inmate to "institute, without paying a filing fee, a proceeding under" chapter 822 to challenge their conviction or sentence on certain enumerated grounds. *See* Iowa Code § 822.2(1) (2018). This provision, he claims, entitles him to file his PCR application without paying an application fee at all. A panel of our court has recently considered this same claim and concluded section 822.2(1) "does not abrogate the applicant's responsibility to pay the filing fee." *Bryant v. State*, No. 18-1270, 2019 WL 1953518, at *2 (Iowa Ct. App. May 1, 2019). We find *Bryant* persuasive and conclude the district court did not violate Iowa law by requiring Schreiber to pay 20% of the PCR application fee.[4]

Finally, Schreiber challenges the district court's refusal to appoint counsel to represent him. He argues he was entitled to PCR counsel under both section 822.5 and the Iowa Constitution. While the right to counsel under the Iowa Constitution "should be interpreted more expansively than the United States Supreme Court has construed the right to counsel under the Sixth Amendment[,]" *Allison*, 914 N.W.2d at 885, the Iowa Supreme Court has not yet recognized a right to PCR counsel under the Iowa Constitution. *Goode v. State*, 920 N.W.2d 520, 524 (Iowa 2018). As such, Schreiber had a right to counsel, if at all, by operation of section 822.5, which "'gives the trial court discretion to appoint postconviction relief counsel' if an applicant presents a cognizable claim in the postconviction proceeding." *Id.* at 524 n.1 (quoting *Dunbar v. State*, 515 N.W.2d 12, 14 (Iowa 1994)). If "a substantial issue of law or fact [m]ay exist, then

---

[4] Schreiber also argues the fee assessment violates his constitutional rights to due process and equal protection under the United States Constitution. Because he did not raise this argument in the district court, we decline to address it for the first time on appeal. *See Meier*, 641 N.W.2d at 540 (concluding error is not preserved where "the record fails to show" the claim was considered by the district court).

counsel should be at once appointed." *Furgison v. State*, 217 N.W.2d 613, 615 (Iowa 1974). As explained above, there is no such issue of law or fact. Schreiber is either still alive, in which case he must remain in prison, or he is actually dead, in which case this appeal is moot. In either case, the district court did not err by refusing to appoint him counsel.

**AFFIRMED.**