# IN THE COURT OF APPEALS OF IOWA

No. 19-0101
Filed May 13, 2020

**SANTOS ROSALES MARTINEZ,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Buena Vista County, Nancy L. Whittenburg, Judge.

Santos Rosales Martinez appeals the district court's summary dismissal of his third application for postconviction relief. **REVERSED AND REMANDED.**

Judy Freking of Judy L. Freking, P.C., Le Mars, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

Santos Rosales Martinez appeals the district court's summary dismissal of his third application for postconviction relief (PCR) following his 2002 second-degree sexual abuse conviction. *See Rosales-Martinez v. State*, No. 10-2078, 2011 WL 6740152, at *9 (Iowa Ct. App. Dec. 21, 2011); *State v. Rosales-Martinez*, No. 02-0399, 2003 WL 21229134, at *1 (Iowa Ct. App. May 29, 2003). He contends (1) his PCR counsel was ineffective in "not communicating with [him] at any time," (2) the court "erred in hearing the State's pre-answer motion to dismiss prior to [his] being notified that an attorney had been appointed to represent him," and (3) the failure of the department of corrections to admit [him] to the sex offender treatment program was "a loss of the accrual of earned time" and "a substantial deprivation of his liberty interest." We find the first issue dispositive.

Rosales Martinez filed his third PCR application on August 20, 2018. At the same time, he filed an application for appointment of counsel. The court appointed an attorney the next day. About two months later, the State moved to dismiss the application on the ground that it was "time barred under [Iowa Code] section 822.3 [(2018)] and issue precluded under section 822.8." The court scheduled a hearing on the motion for November 5, 2018.

On November 1, 2018, a letter from Rosales Martinez was filed with the court. Rosales Martinez inquired "on the status of [his] application and the appointment of counsel in this matter." No immediate response was provided. The hearing took place as scheduled, with Rosales Martinez's attorney in attendance. A day after the hearing, the court filed an order stating:

> On this date the court is presented with a letter from the Applicant inquiring on the status of his application for court appointed counsel. A review of the file shows that an order was entered by the court on August 28, 2018 appointing . . . counsel for the Applicant. [The attorney's] telephone number is . . . .
>
> The clerk of court is requested to provide a copy of the court's August 28, 2018 order to Applicant together with a copy of this calendar entry. The clerk is also requested to provide a copy of this calendar entry to counsel of record.

No mention was made of the hearing that took place a day earlier. The court dismissed the PCR application two weeks later. Rosales Martinez filed a pro se notice of appeal.

Rosales Martinez contends he "did not receive **any communication nor any correspondence** from his PCR Attorney prior to or following the dismissal of his case," rendering counsel's performance substandard. The State responds that the ineffective-assistance-of-counsel claim should be preserved for another postconviction action. We find the record adequate to address the claim. *See Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011) (addressing a claim that PCR counsel was ineffective in allowing a case to be dismissed for failure to prosecute it).

A PCR applicant has a statutory right to counsel. *Id.* at 250; *cf. Allison v. State*, 914 N.W.2d 866, 871 (Iowa 2018) (citing constitutional principles implicating the right to counsel but recognizing a PCR applicant has a statutory right to counsel). The right necessarily implies "effective" assistance. *Lado*, 804 N.W.2d at 250. To establish ineffective assistance the applicant must prove counsel breached an essential duty. *Id.* at 251. "Permitting a client's postconviction relief application to be dismissed because of inaction is never an effective trial strategy" and will amount to the breach of an essential duty. *Id.* Where it is

established that the applicant was effectively without counsel, no specific showing of prejudice is required. *Id.* at 252. "This is the type of error that renders the entire postconviction relief proceeding 'presumptively unreliable'" and amounts to structural error. *Id.* at 253.

As noted, counsel was appointed a day after the PCR application was filed. Counsel failed to inform his client about his appointment, failed to notify him of the State's motion to dismiss filed almost two months later, and failed to file a resistance to the dismissal motion. While the State argues "[t]here is nothing in the record to prove that PCR counsel did not communicate with [Rosales Martinez] between the date on which he mailed th[e] letter . . . and the date of the hearing," our de novo review of the record establishes precisely that. Specifically, counsel appeared at the PCR hearing but made no mention of speaking to his client and limited his advocacy to an oral motion to amend the application on an issue that was raised in a prior proceeding. The court declined to accept the motion and advised counsel he would "have ample opportunity" to file a written application to amend. Counsel did not pursue that option. Nor did counsel take any action after learning of Rosales Martinez's letter to the court.

We conclude counsel breached an essential duty in failing to communicate with or act on behalf of his client. The breach effectively deprived Rosales Martinez of an attorney for the duration of the proceedings, which amounted to structural error requiring reversal and remand. *See Stechcon v. State*, No. 17-1531, 2018 WL 3913126, at *3 (Iowa Ct. App. Aug. 15, 2018) ("Postconviction counsel abdicated his acknowledged duty to file a timely postconviction-relief application, effectively leaving Stechon without counsel."); *Dockery v. State*, No. 13-2067, 2016

WL 351251, at *5 (Iowa Ct. App. Jan. 27, 2016) ("Counsel failed to ensure [the applicant's] rights were protected by failing to procure his attendance at the hearing, raise his pro se claims, or obtain a ruling on those claims. These deficiencies led to the dismissal of the PCR action, resulting in the sort of structural error that renders the proceedings presumptively unreliable."); *cf. Harkless v. State*, No. 16-2082, 2017 WL 6513966, at *2 (Iowa Ct. App. Dec. 20, 2017) (stating the applicant was not constructively without counsel).

In reaching this conclusion, we recognize that the dismissal in this case was not a dismissal for failure to prosecute the action pursuant to Iowa Rule of Civil Procedure 1.944 but a summary dismissal based on the statute of limitations and Rosales Martinez's attempt to relitigate certain issues. *See Villa Magana v. State*, 908 N.W.2d 255, 259 (Iowa 2018) (concluding the applicant was "constructively without counsel" where "PCR counsel failed to take necessary action to prevent his client's application from being dismissed under rule 1.944"). But the effect was the same—the case was dismissed without any input from Rosales Martinez. *See Jackson v. State*, No. 08-0838, 2009 WL 779332, at *3 (Iowa Ct. App. Mar. 26, 2009) ("Although [the applicant] was provided notice and adequate time to respond, we find he was not afforded a meaningful opportunity to present his position as to whether there were genuine issues of material fact presented in his application or argue his interpretation of the law.").

Nor does precedent permitting the dismissal of a PCR application without appointment of counsel alter our conclusion. *See Wise v. State*, 708 N.W.2d 66, 71–72 (Iowa 2006); *Fuhrmann v. State*, 433 N.W.2d 720, 722 (Iowa 1988);

*Furgison v. State*, 217 N.W.2d 613, 615, 618 (Iowa 1974). Those opinions do not speak to the duties of counsel when counsel is appointed, as was the case here.

Finally, our conclusion is not altered by the postconviction court's ability to resolve the summary dismissal motion without a hearing. *See Brown v. State*, 589 N.W.2d 273, 275 (Iowa Ct. App. 1998) (stating that "[w]here proper service has been made and the nonmoving party is on notice of the motion to dismiss, and where the nonmoving party is given adequate time to respond, the nonmoving party is thereby afforded an opportunity to respond" and the court may dismiss the application without a hearing); *see also Weatherly v. State*, No. 14-1890, 2016 WL 1130043, at *2 n.1 (Iowa Ct. App. Mar. 23, 2016) (noting court may grant a motion to dismiss after nonmoving party has been granted an adequate time to respond and fails to do so). The record affirmatively discloses that Rosales Martinez received no notice of the hearing or the motion and was not afforded an opportunity to respond, despite the appointment of counsel. *See Jackson*, 2009 WL 779332, at *3 (noting the applicant "attempted to contact his attorney several times with regard to the status of his case, wrote a letter to the judge, and also filed several pro se motions" and the applicant had "very little contact with his counsel throughout the litigation of his applications for postconviction relief," raising doubts as to whether he was afforded "sufficient opportunity to offer evidence to fulfill his burden of showing the court that there was a genuine issue of material fact worthy of a full postconviction hearing"). Because notice and an opportunity to respond are predicates to dismissal, it matters little that the court theoretically could have ruled on the State's motion without scheduling the November 5 hearing.

We reverse and remand the dismissal of the PCR application.

**REVERSED AND REMANDED.**

All judges concur except, May, J., who dissents.

**MAY, Judge. (dissenting)**

Eighteen years ago, in 2002, Rosales Martinez was convicted of sexual abuse in the second degree. This case is his third unsuccessful postconviction-relief (PCR) action. His application claims (1) a witness's recantation shows he is actually innocent and, moreover, (2) an additional witness—a doctor—should have been called at his criminal trial. In a thoughtful six-page ruling, the district court dismissed Rosales Martinez's application because (1) his recantation claim had been heard and decided in a prior case, *see* Iowa Code § 822.8 (2018); and (2) his claims about the doctor were time-barred, *see* Iowa Code § 822.3. On appeal, Rosales Martinez claims PCR counsel was ineffective in various ways.[1]

I do not believe Rosales Martinez's ineffective-assistance claims are sufficiently developed for our review. For example, Rosales Martinez's theory of prejudice turns entirely on his lack of access to prison programming and parole. But those issues are not mentioned in the record. And although a finding of "structural error" could allow a presumption of prejudice, *see Lado v. State*, 804

---

[1] Rosales Martinez's ineffective-assistance claims appear in Division I of his brief. In Divisions II and III, he contends the district court erred in various ways. But those arguments were not raised or decided below. And we will not address a "substantive or procedural issue for the first time on appeal." *DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002); *accord Hartson v. State*, No. 07-1684, 2009 WL 779793, at *1 (Iowa Ct. App. Mar. 26, 2009); *Montgomery v. State*, No. 05-0819, 2007 WL 257674, at *1 (Iowa Ct. App. Jan. 31, 2007).

It is true that, in Division II, Rosales Martinez makes a passing reference to ineffectiveness of counsel as a possible exception to our error-preservation requirements. But he does not provide any supporting argument or authority. So the issue is waived. *State v. Louwrens*, 792 N.W.2d 649, 650 n.1 (Iowa 2010) ("Moreover, passing reference to an issue, unsupported by authority or argument, is insufficient to raise the issue on appeal."); *accord In re O.O.*, No. 19-1215, 2019 WL 4678251, at *1 n.1 (Iowa Ct. App. Sept. 25, 2019); *State v. Scott*, No. 10-1160, 2012 WL 664635, at *3 (Iowa Ct. App. Feb. 29, 2012).

N.W.2d 248, 252 (Iowa 2011), the briefs do not mention "structural error." So it "cannot be considered" by this reviewing court. *See Aluminum Co. of Am. v. Musal*, 622 N.W.2d 476, 479 (Iowa 2001); *see also State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim . . . .").

Accordingly, I would affirm and preserve Rosales Martinez's ineffective-assistance claims for a future PCR.

In his brief, Rosales Martinez acknowledges he cannot "prevail" on his "claim of ineffective assistance of counsel" unless he shows both "ineffective assistance and prejudice." Rosales Martinez concedes he "bears the burden of demonstrating both elements . . . by a preponderance of the evidence." Rosales Martinez never suggests he can prevail without proving both (1) counsel's ineffective assistance *and* (2) prejudice. *See Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

As to the first element, Rosales Martinez claims PCR counsel was ineffective in four ways: (1) failing to communicate with Rosales Martinez; (2) failing to conduct a "reasonable investigation"; (3) failing to resist the State's motion to dismiss; and (4) failing to amend or supplement Rosales Martinez's PCR application.

As to the prejudice element, Rosales Martinez *does not argue* that—if counsel had been effective—Rosales Martinez could have overcome the State's

arguments for dismissal under Iowa Code sections 822.3 and 822.8.[2]  Instead, Rosales Martinez contends that, if PCR counsel had performed competently, the PCR court would have taken steps to expedite Rosales Martinez's parole.  His brief explains:

> A reasonable investigation would have shown counsel that [Rosales Martinez] has been incarcerated since he was found guilty on January 11, 2002.  The Department of Corrections has not provided [Rosales Martinez] with the mandatory Sex Offender Treatment Program (SOTP) and accordingly, [Rosales Martinez] cannot be recommended for parole.  [Rosales Martinez's] mandatory minimum sentence expired on July 10, 2019.  (App. 54)[3]  [Rosales Martinez] is eligible for a reduction of sentence equal to one and two-tenths days for each day the inmate demonstrates good conduct.  (903A.2)  However Pursuant to Iowa Code 903A.2, "an inmate required to participate in a sex offender treatment program shall not be eligible for any reduction of sentence until the inmate participates in and completes a sex offender treatment program established by the director."  "Thus an inmate who fails to participate in sex offender treatment required by the IDOC risks losing his or her ability to obtain an earlier release from prison by accumulating earned time. *State v. Iowa Dist. Ct.*, 888 N.W. 2d 655, 662 (Iowa 2016).  [Rosales Martinez] will not be allowed to parole prior to the expiration of his 25 year sentence if he does not attend the Sex Offender Treatment Program.  [Rosales Martinez] has a tentative discharge date of January 4, 2024.  (App. 54, 56).[4]
>
> The right to counsel "necessarily implies that counsel be effective." *Dunbar* at 515 N.W.2d at 14 citing *Patchette v. State*, 374 N.W.2d 397, 399 (Iowa 1985).  Clearly PCR Counsel's inactions fell outside a normal range of competency and [Rosales Martinez] was

---

[2] In his reply brief, Rosales Martinez mentions his actual innocence theory for the first time.  But "[i]ssues may not be raised for the first time in a reply brief." *In re Marriage of Widdison*, No. 17-2034, 2018 WL 4361004, at *4 (Iowa Ct. App. Sept. 12, 2018); *accord State v. Evans*, No. 08-1616, 2010 WL 200053, at *4 (Iowa Ct. App. Jan. 22, 2010).

[3] Pages 54 through 57 of the appendix appear to have been printed from the Department of Corrections webpage in September 2019, several months after this appeal was filed.  These documents are not part of the district court record.  They should not have been included in the appendix. *See* Iowa R. App. P. 6.905(2)(b) (providing what content should be included in the appendix).

[4] Rosales Martinez also brings his claim relating to the Sex Offender Treatment Program for the first time on appeal. *See DeVoss*, 648 N.W.2d at 63 (declining to address substantive or procedural claims for the first time on appeal).

prejudiced by PCR Counsel's failures. Had [Rosales Martinez's] PCR Counsel contacted IDOC and IBOP and called them as witnesses at trial, he would have learned that [Rosales Martinez] has been denied good time because he has not completed the SOTP; that only the Iowa Department of Corrections can provide SOTP to [Rosales Martinez]; that IDOC has failed to provide [Rosales Martinez] with the SOTP despite having custody of [Rosales Martinez] for 17 years and that [Rosales Martinez] will not be recommended for parole unless he completes SOTP. Because there is a system of parole in the State of Iowa and policies and procedures that allow for good time; the denials of admission into the Sex Offender Treatment Program result in a substantial deprivation of [Rosales Martinez's] liberty interests. *Belk v. State of Iowa*, 905 N.W.2d 185 (2017) (It is appropriate for Applicants to seek relief under Iowa code section 822.2(1)(e) when they assert that the "parole system in Iowa together with the IDOC's actions, unconstitutionally interfered with a liberty interest that would allow . . . relief.").

But for counsel's errors, [Rosales Martinez] would likely be eligible for parole, admitted to the SOTP and or released on parole.

As the State correctly points out, however, none of Rosales Martinez's ineffective-assistance claims were raised or decided by the district court. So, under our "general rule," we should not decide those claims now. *See Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018). Nor should we "remand claims of ineffective assistance of postconviction counsel raised for the first time on appeal to the district court to hear and decide." *See id.* at 527. "Instead," Rosales Martinez's new claims "must be filed as a separate application"—a new case—"in district court." *See id.*

There is an exception to our general rule: When the record is sufficient for us to decide an ineffective-assistance claim on direct appeal—thereby "achiev[ing] a prompt and fair resolution of the claim without the time and expense of a new district court proceeding"—we can do so. *Id.* at 526.

But this exception cannot apply here. This record does not show any of the facts needed to decide Rosales Martinez's claims. The record does not show (1) what communications occurred between counsel and Rosales Martinez or (2) what investigation counsel conducted or could have. Nor does this record show (3) what meritorious response, if any, counsel might have submitted to the State's motion to dismiss or (4) what meritorious claims, if any, counsel might have added through an amendment to Rosales Martinez's petition. So we cannot evaluate Rosales Martinez's claims of ineffective assistance.

Nor can we evaluate his prejudice theory. As noted, Rosales Martinez's prejudice argument focuses on the Department of Corrections's alleged failure to admit him into the Sex Offender Treatment Program and the resulting impact on his parole eligibility. Rosales Martinez claims effective counsel would have solved those problems. He argues: "But for counsel's errors, [Rosales Martinez] would likely be eligible for parole, admitted to the SOTP [and/or] released on parole." But the record contains no evidence about these topics. For example, there is no evidence as to (1) whether Rosales Martinez has been offered the Sex Offender Treatment Program; or (2) if not, why. So we cannot determine whether Rosales Martinez was prejudiced.

Of course, Iowa law recognizes "structural error" as a possible exception to the prejudice requirement. Structural error

> occurs when: (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Lado*, 804 N.W.2d at 252. When structural error is demonstrated, "a showing of prejudice is not required." *Krogmann v. State*, 914 N.W.2d 293, 313 (Iowa 2018).

But Rosales Martinez has not claimed structural error. It is not mentioned in his briefs. Instead, he repeatedly confirms he must prove prejudice. And because Rosales Martinez did not raise structural error, the State had no reason to address it. So no party has briefed structural error.[5] We should not consider it on our own. *See Aluminum Co. of Am.*, 622 N.W.2d at 479 ("Issues not raised in the appellate briefs cannot be considered by the reviewing court."); *In re K.L.*, No. 20-0012, 2020 WL 1049874, at *1 n.1 (Iowa Ct. App. Mar. 4, 2020) (same); *Firestone v. TF 13*, No. 13-0849, 2014 WL 1715054, at *4 n.3 (Iowa Ct. App. Apr. 30, 2014) (same); *see also Harris*, 919 N.W.2d at 754 (noting "the court of appeals should not consider" an ineffective-assistance claim if it is insufficiently developed "in the appellate brief").

In short, based on my review of the record and the briefing, I do not believe we are in a position to decide Rosales Martinez's ineffective-assistance claims. We should affirm and preserve his claims for development in a future PCR. *See Goode*, 920 N.W.2d at 526. I respectfully dissent.

---

[5] This case differs from *Villa Magana v. State*, 908 N.W.2d 255, 260 (Iowa 2018). There, our supreme court elected to consider a structural error claim "even though it was not raised" by the applicant "until the reply brief" because, among other things, the State had "anticipated" a structural error argument "*and actually responded to it*" in its brief. *Villa Magana*, 908 N.W.2d at 260. Here, though, structural error is never mentioned in any brief.