# IN THE COURT OF APPEALS OF IOWA

———————————————

No. 25-0231
Filed April 29, 2026

———————————————

**McKinley Dudley Jr.,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

———————————————

Appeal from the Iowa District Court for Cerro Gordo County,
The Honorable Rustin Davenport, Judge.

———————————————

**AFFIRMED**

———————————————

Denise M. Gonyea of McKelvie Law Office, Grinnell,
attorney for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, attorneys for appellee.

———————————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

McKinley Dudley Jr. appeals from the order dismissing his application for postconviction relief (PCR). He contends the district court abused its discretion by granting the State's motion to dismiss without appointing him counsel or holding a hearing on the motion. We affirm.

## BACKGROUND FACTS AND PROCEEDINGS

Dudley applied for PCR and appointment of counsel in November 2024. Dudley alleged that the State improperly fined him restitution following his 2021 conviction for third-offense operating a motor vehicle while under the influence as an habitual offender. *See State v. Dudley*, No. 21-1725, 2022 WL 3907760, at *1 (Iowa Ct. App. Aug. 31, 2022). In his application, Dudley also referred to fines imposed on convictions that are over ten years old. *See State v. Dudley*, No. 09-1772, 2010 WL 3157757, at *1 (Iowa Ct. App. Aug. 11, 2010); *State v. Dudley*, No. 10-1764, 2013 WL 105331, at *1 (Iowa Ct. App. Jan. 9, 2013).

Within a week of Dudley filing his application, the district court entered an order expressing doubt as to whether Dudley had stated a claim on which relief can be granted. *See* Iowa Code § 822.6(2) (2024) (allowing the court to inform the parties of its intent to dismiss a PCR application and the reasons why if it believes the applicant is not entitled to PCR and no further purpose would be served by further proceedings). The court noted two impediments to granting Dudley PCR: (1) no fine was imposed against Dudley for his 2021 conviction and (2) the two convictions that imposed fines were well past the three-year limitation period set out in Iowa Code section 822.3. The court directed the State to respond to Dudley's application by answer or motion and granted Dudley thirty days to respond to the State. It refused to take further action on Dudley's PCR application or

request for court-appointed counsel until it was decided that Dudley had stated a claim on which relief can be granted.

The State moved to dismiss Dudley's application on the basis cited in the court's order. Dudley resisted the motion, arguing that the State could not show that he must pay restitution in the three cases cited in his application. The district court granted the State's motion.

## SCOPE AND STANDARD OF REVIEW

We review PCR applications for errors at law. *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* As the moving party, the State bears the burden of showing there is no genuine dispute as to the material facts. *See id.* We review the evidence in the light most favorable to Dudley as the nonmoving party, and we draw all legitimate inferences from the record in his favor. *See id.* at 142–43.

## DISCUSSION

Dudley raises two claims on appeal. First, he contends that the court erred by dismissing his PCR application without first appointing counsel. Second, Dudley contends that the court erred by granting the State's motion to dismiss without a full hearing on the merits of his PCR claims.

### I.      Was Dudley entitled to court-appointed counsel?

Iowa Code section 822.5 allows PCR applicants to apply for appointment of legal representation if the applicant has no means of paying for it. But section 822.5 does not require payment of legal representation for an indigent PCR applicant. *Wise v. State*, 708 N.W.2d 66, 69 (Iowa 2006)

("In interpreting this section, this court has said that 'an attorney need not *always* be appointed to represent an indigent postconviction applicant.'" (quoting *Furgison v. State*, 217 N.W.2d 613, 615 (Iowa 1974))). Rather, the decision of whether to appoint counsel is a matter that rests within the district court's discretion. *Id.*

In deciding whether to appoint counsel to an indigent PCR applicant, the court must read the application in the light most favorable to the applicant and appoint counsel if a substantive issue of law or fact may support granting PCR. *Furgison*, 217 N.W.2d at 615–16. But if an application does not raise a claim on which PCR can be granted, "it is wasteful to appoint counsel to determine solely if the applicant has some grounds for relief not stated in his original application." *Id.* at 615 (citation omitted). For example, the court need not appoint counsel if a PCR application on its face is barred by the statute of limitations. *Fuhrmann v. State*, 433 N.W.2d 720, 722 (Iowa 1988).

When viewed in the light most favorable to Dudley, his PCR application did not reveal a substantive issue of law or fact that would support granting PCR. To the extent that Dudley raised PCR claims based on convictions that occurred more than ten years ago, the statute of limitations barred relief. And Dudley's application alleged facts that were false. As a result, the district court did not abuse its discretion by declining to appoint Dudley counsel.

## II. Was Dudley entitled to a full hearing on the merits of Dudley's PCR claims?

Dudley next contends the district court erred by dismissing his PCR application without holding a full hearing on the merits. While "[a] PCR action should not be dismissed without notice from either the State or the court and an opportunity for the inmate to respond," *Smith v. State*, 32

N.W.3d 6, 7 (Iowa 2026), the district court *did* notify Dudley by filing its order proposing dismissal with a week of him filing his PCR application. And dismissal without hearing on the merits is the proper procedure when the applicant is not entitled to PCR and no purpose would be served by any further proceedings. *See* Iowa Code § 822.6(2). Although Dudley had a chance to reply to the proposed dismissal, he advanced no reason for the proceedings to continue. Because Dudley did not raise any claims on which PCR could be granted, the court did not err by dismissing his application under section 822.6(2).

**AFFIRMED.**