# IN THE SUPREME COURT OF IOWA

No. 16–1938

Filed February 23, 2018

**FRANCISCO VILLA MAGANA,**

Appellant,

vs.

**STATE OF IOWA,**

Appellee.

Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.

An applicant for postconviction relief seeks further review of a court of appeals decision declining to reinstate his application. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

Christopher Clausen of Clausen Law Office, Ames, for appellant.

Thomas Miller, Attorney General, Timothy Mark Hau and Kevin Cmelik, Assistant Attorneys General, Des Moines, for appellee.

**PER CURIAM.**

An application for postconviction relief was dismissed for want of prosecution under Iowa Rule of Civil Procedure 1.944, and a motion to reinstate the application was denied by the district court. The court of appeals affirmed the district court. We must determine whether the denial of the motion to reinstate was erroneous. On further review, we find our decision of *Lado v. State*, 804 N.W.2d 248 (Iowa 2011), controls this matter. Accordingly, we vacate the decision of the court of appeals, reverse the district court's dismissal of the application, and remand for further proceedings.

## I. Factual and Procedural Background.

In 2011, Francisco Villa Magana pled guilty to various charges related to failure to comply with the requirements of the sex offender registry. He appealed his sentence and his sentence was affirmed. *See State v. Villa*, No. 11–1134, 2012 WL 1247115 (Iowa Ct. App. 2012). Villa then filed an application for postconviction relief (PCR) on October 17, 2012. Trial on the PCR application was initially set for August 1, 2013. It was continued to February 13, 2014, and later to April 14.

On March 25, 2014, Villa's appointed PCR counsel was allowed to withdraw because he was leaving his law firm and would be terminating his public defender contract as of April 1. A new attorney was appointed. This attorney immediately moved to withdraw because she had two jury trials already scheduled in April. A third attorney was appointed to represent Villa. He moved for a continuance on the ground that he could not adequately prepare by April 14. His request for a continuance was granted. At a scheduling conference on May 12, the trial on Villa's PCR application was reset to July 31.

On July 9, the assistant county attorney moved to continue the July 31 trial date because a personal scheduling conflict had arisen. This request for continuance was also granted. Meanwhile, on July 15, the clerk of court issued a rule 1.944 dismissal notice, stating the case needed to be tried by December 31 or it would be subject to dismissal.[1] Following an August 22 scheduling conference, the PCR trial was reset to December 11.

On December 10, the assistant county attorney moved to continue the December 11 trial because Villa's original trial counsel had *also* entered an appearance as Villa's PCR counsel. In the motion to continue, the State expressed concern that Villa's claims and theories of relief had changed. In response, the district court ordered the court administrator to reschedule the trial and said that it would use the December 11 date to conduct a pretrial conference "defining [the] issues." It ordered both the attorney who had been appointed to represent Villa in the PCR and the original trial counsel to appear in person.

At the December 11 pretrial conference, Villa's original trial counsel explained he would be entering an appearance and filing a motion for new trial in Villa's original criminal case, *not* in the PCR

---

[1]The rule states,

> All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be tried prior to January 1 of the next succeeding year. The clerk shall prior to August 15 of each year give notice to counsel of record as provided in rule 1.442 of the docket number, the names of parties, counsel appearing, and date of filing petition. The notice shall state that such case will be subject to dismissal if not tried prior to January 1 of the next succeeding year pursuant to this rule. All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte.

Iowa R. Civ. P. 1.944(2).

proceeding. Accordingly, he was allowed to withdraw from the PCR proceeding. It was further noted that the motion for new trial might render the PCR proceeding moot. The district court therefore entered an order giving Villa's trial counsel thirty days to file his motion for new trial or advise the State he would not be filing such a motion. The court's order also extended the rule 1.944 deadline to December 31, *2015*. The order concluded, "This case will not be rescheduled for trial until the motion for new trial on the underlying criminal case has been decided. Counsel will be responsible for calling the need to reset this case for trial to the court's attention."

At this point, the proceeding essentially went dormant for over a year. On July 15, 2015, the clerk of court reconfirmed the district court's December 11 order by issuing a rule 1.944 notice that dismissal would occur if the case was not tried by December 31. Nothing happened thereafter, and on January 8, 2016, the court dismissed the case.

Nearly six months later, on June 26, Villa's PCR counsel moved to reinstate the case. He explained,

> 1. In January, this matter was dismissed pursuant to Iowa Rule of Civil Procedure 1.944[.]
>
> 2. The Petitioner had filed another action which needed to be resolved prior to the present action moving forward.
>
> 3. The other action has now been completed and was unsuccessful.
>
> 4. Rule 1.944 allows the case to be reinstated if application is made within 180 days and if the dismissal was the result of an oversight. The undersigned was on military duty at the time the case was dismissed and did not get the matter extended prior to going on military duty.
>
> 5. That it is in the interest of justice for the Court to reinstate this case.

On September 9, the State filed a resistance to the motion to reinstate. Villa responded with another filing, which added that Villa had now been taken into custody by U.S. Immigration and Customs Enforcement (ICE). This filing asserted that Villa had a viable claim for relief under *Padilla v. Kentucky,* 559 U.S. 356, 130 S. Ct. 1473 (2010), because he had not been informed of the immigration consequences of his guilty plea. Villa's attorney reiterated, "The case was dismissed pursuant to rule 1.944, during a period of time in which the undersigned was on military duty." He added that "[t]he military duty [did] not excuse the undersigned's failure to file to exempt this case under [rule] 1.944," but did provide "reasonable cause" for reinstatement.[2] The State filed a supplemental resistance.

The district court held a hearing on September 12 and denied the motion to reinstate. The court observed accurately that "this case went for over 18 months, from December 11, 2014, until June 26, 2016, without any filings by either party. The only filings during that time were notices by the clerk." The court found no basis for reinstatement.

Villa appealed, and we transferred the case to the court of appeals. That court affirmed. The court found the dismissal of the application was not "a result of oversight," as Villa had maintained. *See* Iowa R. Civ. P. 1.944(6). Instead, the court concluded dismissal was the result of simply "[i]gnoring notice while showing nothing more than excuse, plea,

---

[2]Rule 1.944(6) provides,

The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.

apology, or explanation," which is "not sufficient to allow a party to escape default."

Additionally, the court refused to consider Villa Magana's argument that reversal of the dismissal was required under *Lado*. In a footnote, the court of appeals explained,

> In his reply brief, Villa Magana "requests" we "consider the issue of whether trial counsel was ineffective as contemplated in *Lado* [*v. State*, 804 N.W.2d 248, 254 (Iowa 2011)], requiring reversal of the dismissal." An issue cannot be asserted for the first time in a reply brief. *See Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992). For that reason, we have not considered the claim.

(Alteration in original.)

We granted Villa Magana's application for further review.

## II. Standard of Review.

We generally review denials of PCR applications for correction of errors at law. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). However, when an applicant claims denial of the statutory right to effective assistance of PCR counsel, we apply a de novo review. *See Lado*, 804 N.W.2d at 250.

## III. Analysis.

In *Lado*, we held that PCR counsel was ineffective in failing to avoid dismissal of a PCR application under Iowa Rule of Civil Procedure 1.944, and that this constituted structural error. *Id.* at 253. *Lado* involved a pro se application that languished in the district court for eighteen months without activity. *Id.* at 250. Counsel was finally was appointed on November 5, 2008. *Id.* By then, the case was subject to dismissal on January 1, 2009, due to the operation of rule 1.944. *Id.* Lado's newly appointed counsel took some steps to pursue the matter but never sought relief from rule 1.944 or opposed the state's January 29

motion for summary judgment, which asserted among other things the expiration of the rule 1.944 deadline. *Id.* Following a March 17 hearing, the court dismissed the PCR based on rule 1.944. *Id.* Lado appealed, and the court of appeals affirmed. *Id.* That court found that Lado's PCR counsel had breached an essential duty but had failed to establish prejudice, i.e., that the result of the proceeding would have been different, on the existing record. *Id.*

We reversed and remanded, deciding that prejudice did not have to be shown because this was a "structural error." *Id.* at 252–53. We explained,

> The [district] court specifically warned Lado's counsel that his postconviction relief application was subject to rule 1.944 dismissal. Counsel at no point sought a continuance to obtain relief from the rule's consequences. Additionally, after the court dismissed the case pursuant to the rule, counsel never made application to the court to have the case reinstated as allowed by the rule. When the State filed its motions for summary judgment and dismissal alleging Lado's application should be dismissed pursuant to rule 1.944, Lado's counsel sat silent and did not respond. Not surprisingly, the court dismissed Lado's application for failure to prosecute. Lado was constructively without counsel during his postconviction relief proceeding as his application was dismissed without any consideration of its merits or meaningful adversarial testing. This is the type of error that renders the entire postconviction relief proceeding "presumptively unreliable." Accordingly, Lado's statutory right to effective counsel entitles him to have his postconviction relief dismissal reversed and to proceed with his postconviction relief proceeding.

*Id.*

We believe *Lado* controls here and mandates reversal. As in *Lado*, PCR counsel failed to take necessary action to prevent his client's application from being dismissed under rule 1.944. *See id.* at 250. To borrow *Lado*'s terminology, Villa was "constructively without counsel" during the time period from December 11, 2014, until June 26, 2016.

*Id.* at 253. As a result, similar to the situation in *Lado*, the client never had a PCR application considered by the district court with respect to the convictions in question. *See id.* It is true that Villa's counsel, unlike Lado's, tried to get the PCR application reinstated, albeit without success. *See id.* at 250. But the salient point remains: a rule 1.944 dismissal occurred here for essentially the same reasons as in *Lado*. *See id.* at 250–51.

The court of appeals declined to consider Villa's *Lado* argument because it was raised for the first time in his reply brief. Generally, we will not consider issues raised for the first time in a reply brief. *See State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009). Yet we have noted exceptions. *See State v. Lyle*, 854 N.W.2d 378, 382–83 (Iowa 2014). In *Lyle*, we identified "a constitutional challenge to an illegal sentence" as a possible exception. *Id.* at 382. In *Carroll*, we held that a defendant was not required to assert ineffective assistance of counsel with respect to a guilty plea until the state pointed out in its answering brief that the defendant's plea had waived ineffective assistance of counsel with regard to failure to file a motion to suppress. 767 N.W.2d at 644–45.

This case presents a situation where the ineffective-assistance argument should be considered even though it was not raised until the reply brief. First, the underlying error is structural, as we discussed in *Lado*. *See* 804 N.W.2d at 253. Second, the State anticipated a *Lado* argument in its brief *and actually responded to it.* The State's answering brief said,

> The State would note that Villa does not assert an ineffective assistance of counsel claim in his brief, and this Court should not build the argument on his behalf or allow him to present it for the first time on reply. Reversing the district court in this instance would essentially create a per se rule of structural error where a postconviction relief

action was dismissed pursuant to rule 1.944. Such a construction would render rule 1.944 meaningless for purposes of postconviction relief and would encourage further dilatory conduct of postconviction relief counsel, not curb it.

(Citations omitted.) Although the State may feel it should not be penalized for this kind of proactive briefing, its anticipation of Villa's argument avoids any procedural unfairness. Third, Villa's *appellate* PCR counsel was always in a difficult spot to raise ineffective assistance by Villa's *trial* PCR counsel, because the two individuals were one and the same. Although Villa's trial PCR counsel probably should have withdrawn from handling this appeal, Villa himself should not suffer the consequences.[3]

The State expresses legitimate concerns. Relieving a PCR applicant from the effects of a rule 1.944 dismissal does limit the usefulness of the rule to some extent in the PCR context. Fortunately, other tools exist to address dilatory conduct in litigation by parties and attorneys.

For the foregoing reasons, we vacate the decision of the court of appeals, reverse the orders of the district court dismissing and denying reinstatement of Villa's PCR application, and remand for further proceedings consistent with this opinion.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

This opinion shall be published.

---

[3]We credit Villa's PCR counsel for raising *Lado* explicitly in his reply brief.