# IN THE COURT OF APPEALS OF IOWA

No. 17-1603
Filed January 9, 2019

**MARIO A. McCULLUM,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Margaret L.

Lingreen, Judge.


Mario McCullum appeals from the denial of his successive petition for

postconviction relief. **REVERSED AND REMANDED.**



Angela Campbell of Dickey & Campbell Law Firm, PLC, Des Moines, for

appellant.

Thomas J. Miller, Attorney General, and Aaron J. Rogers, Assistant

Attorney General, for appellee State.


Considered by, Potterfield, P.J., Danilson, S.J.,* and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DANILSON, Senior Judge.**

In August 2008, Mario McCullum was convicted of robbery in the first degree. Two men had robbed a convenience store on January 3, 2008, and three men were charged for the crime—McCullum, his brother Anthony McCullum, and Antoine Grant. After McCullum was convicted but before he was sentenced, Antoine Grant wrote a letter stating McCullum was not involved in the robbery, and Grant pled guilty to second-degree robbery.

But McCullum's attorney did not speak with Grant or have him testify at McCullum's trial or at the hearing on McCullum's motion for new trial. McCullum was sentenced on November 7, 2008, and his conviction was affirmed on appeal. *State v. McCullum*, No. 08-1843, 2009 WL 3775251 (Iowa Ct. App. Nov. 12, 2009) (addressing claim of unduly suggestive identification). Our supreme court denied further review, and procedendo issued on February 12, 2010.

McCullum filed an application for postconviction relief (PCR) on November 16, 2010, asserting trial counsel was ineffective for failing to call a DNA expert witness at trial and for failing to call co-defendant Grant to testify at the hearing on his motion for a new trial. At the first PCR trial, Anthony McCullum "retracted his trial testimony" and Grant testified McCullum was not involved in the robbery. *McCullum v State*, No. 13-1665, 2015 WL 1331660, at *2 (Iowa Ct. App. Mar. 25, 2015). The district court rejected McCullum's claims and this court affirmed the denial of his PCR application, summarizing:

> [McCullum] asserts the [PCR] court erred in concluding trial counsel was not ineffective for failing to call a DNA-expert witness and for not calling codefendant Antione Grant at the hearing on McCullum's motion for new trial. He also argues the court improperly found Grant's testimony did not constitute newly discovered evidence. We

conclude trial counsel did not breach an essential duty by failing to call his own DNA-expert witness at trial, as counsel made a strategic decision regarding how the State's expert could be effectively cross-examined. Nor was counsel ineffective for not calling Grant as a witness at the motion-for-new-trial hearing, given Grant's testimony did not constitute newly discovered evidence and, furthermore, the postconviction court found his testimony not to be credible. Consequently, we affirm the court's denial of McCullum's application for postconviction relief.

*Id.* at *1. In a footnote, this court observed:

Though at the postconviction-court level McCullum argued Anthony's testimony constituted newly discovered evidence—in addition to Grant's—he does not raise this issue on appeal. He also makes no claim trial counsel was ineffective for failing to call Grant to testify at trial, as opposed to the motion for new trial. Therefore, the issue on appeal is limited to whether counsel was ineffective for failing to call Grant to testify at the motion-for-new-trial hearing, rather than at trial. McCullum and his first postconviction counsel did not raise the issue of ineffective assistance of trial counsel for failing to call Grant to testify at trial, but only raised the issue of ineffective assistance of counsel for failing to call Grant to testify at the motion for new trial hearing.

*Id.* at *2 n.3.

McCullum also filed a federal habeas corpus petition, but it was denied on June 6, 2017, because the Iowa courts had not yet ruled on the ground that trial counsel was ineffective in failing to call Grant to testify at trial.

On July 12, 2017, McCullum filed this second PCR application pro se, asserting his trial counsel was ineffective in failing "to call or interview witness for defense during trial—violating petitioner's right to call witness on his behalf during trial." Counsel was appointed to represent McCullum on July 12. On August 7, the court filed an order granting McCullum's application to take depositions. Two days later, on August 9, the State filed a motion for summary disposition. The State asserted the PCR application was barred by Iowa Code section 822.3 (2017)

because it was filed more than three years after procedendo issued on the direct appeal, it raised the same claims as the earlier PCR and therefore was "barred as repetitive" under section 822.8, and the claim was barred by claim preclusion. The motion was set for hearing on September 7. Counsel for McCullum did not file a written resistance beyond filing a "brief" citing Iowa Code section 822.2(1)(a) and (d), and *Walters v. State*, No. 12-2022, 2014 WL 69589 (Iowa Ct. App. Jan. 9, 2014) (noting the "ground of fact" raised to avoid three-year statute of limitations is "his claim of actual innocence"). At the hearing, McCullum was allowed to testify briefly to object to summary dismissal.

On September 29, the district court summarily dismissed the application. The court observed:

> At summary judgment hearing, applicant identifies his claim for post-conviction relief as trial counsel's failure to call Antoine Grant as a witness at trial. He asserts this differs from the claim he raised in his first post-conviction relief application, as that claim pertained to counsel's failure to call Grant at hearing on the motion for new trial. McCullum points to the fact the Iowa Court of Appeals itself identified the distinction in a footnote to its holding on McCullum's appeal of the district court's ruling on the first postconviction-relief case. Insofar as the issue regarding use of Grant as a witness at the original trial, in fact, differs from the use of Grant as a witness at hearing on the motion for new trial, the court finds the State's argument of claim preclusion inapplicable to the facts of this case.

The court observed McCullum "does not actually assert his first [PCR] counsel was ineffective; rather he merely complains about his original trial counsel."[1] The court concluded the application "is barred under the three-year limitation period established in Iowa Code section 822.3 and is barred by Iowa

---

[1] We note the application was prepared by McCullum without the aid of counsel. Moreover, McCullum averred that there were material facts not previously presented and heard.

Code section 822.8 in that the grounds could have been raised in McCullum's first post-conviction relief application."

McCullum appeals, challenging the summary dismissal and the court's statement that he was not challenging his PCR counsel's performance.

We ordinarily review PCR rulings for correction of errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). To the extent the application asserts a claim of ineffective assistance of counsel, our review is de novo. *Villa Magana v. State*, 908 N.W.2d 255, 259 (Iowa 2018).

Emphasizing that a criminal defendant has "the constitutionally protected right to at least one competent attorney" and acknowledging the three-year-limitations period of Iowa Code section 822.3, our supreme court has recently recognized that "under Iowa Code section 822.8, successive petitions for PCR may be filed if counsel is ineffective in the first petition." *Allison v. State*, 914 N.W.2d 866, 890 (Iowa 2018). "Thus, when counsel files a first petition and ineffectively fails to raise a ground for reversal, a successive petition may be filed." *Id.* The *Allison* court held:

> In order to avoid the difficult constitutional position that would result in denying a remedy where defense counsel allegedly provided ineffective assistance at trial and postconviction counsel is ineffective in raising that claim, we think the best approach is to hold that where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 *if the successive PCR petition is filed promptly after the conclusion of the first PCR action.* The doctrine of relation back is used "to preserve rights as of the earlier date, or otherwise to avoid injustice." Here, the application of the relation-back doctrine ensures that the right to effective assistance of counsel

in PCR is not cut off by the running of the statute of limitations in situations like the one in this case.

914 N.W.2d at 891 (emphasis added) (citation omitted). Moreover, the *Allison* court reiterated, "we approach motions to dismiss with great caution." *Id.* at 892.

"A motion to dismiss should only be granted if the allegations in the petition, taken as true, could not entitle the plaintiff to any relief." Ordinarily, cases are not resolved on the pleadings. A motion to dismiss should be granted only when there is no conceivable state of facts that might support the claim for relief. We construe the "allegations in the light most favorable to the pleader" and resolve doubts in the pleader's favor.

*Id.* (citations omitted).

McCullum argues he should be entitled to proceed with his PCR application under the *Allison* ruling. He acknowledges his written application made no explicit claim that his first PCR counsel was ineffective, but he argues he raised the issue at the hearing without using the "legal lingo." The State challenges the applicability of *Allison* to McCullum's appeal.

In light of our supreme court's recent rulings in *Allison* and *Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018),[2] as well as the PCR court's acknowledgement that McCullum's claim is not the same as previously raised and the caution with which summary dismissals are to be granted, we conclude the district court erred in summarily dismissing McCullum's PCR claim. We remand to the district court

---

[2] In *Schmidt*, the court held "convicted defendants can attack their pleas when claiming actual innocence even if the attack is extrinsic to the pleas" if they can "show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence." 909 N.W.2d at 797. The *Schmidt* case overruled prior case law, including the case upon which this court ultimately rejected Walters's claim of newly available evidence. *See id.* at 808; *Walters*, 2014 WL 69589, at *6. Both *Allison* and *Schmidt* were decided after the district court's ruling and the briefing in this appeal.

for further proceedings, including a determination of whether the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3.

**REVERSED AND REMANDED.**