# IN THE COURT OF APPEALS OF IOWA

No. 20-0653
Filed June 30, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**GILBERT L. SIMON JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.

Gilbert Simon appeals his conviction of theft in the second degree. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by May, P.J., and Greer and Schumacher, JJ.

**MAY, Presiding Judge.**

Gilbert Simon appeals his conviction of theft in the second degree in violation of Iowa Code sections 714.1(1) and 714.2(2) (2019). We affirm.

Simon and his accomplices stole a set of wheels and tires from Frank Millard and Company. The State charged Simon and one accomplice, David Tensley, with theft in the second degree. Simon and Tensley began trial as co-defendants. During trial, the State was permitted to dismiss its case against Tensley because a witness failed to appear. Ultimately, the jury found Simon guilty as charged.

On appeal, Simon argues the district court erred and abused its discretion by allowing a witness to testify regarding the value of the wheels and tires. Simon contends this testimony was inadmissible because the witness was not an owner "entitled to a presumption of knowledge" of the wheels and tires' value, "did not have personal knowledge of the[ir] value, and relied upon hearsay for his testimony." And "[w]ithout his" allegedly-inadmissible "testimony, there was no other evidence presented to the jury on the value of the [wheels and] tires." Therefore, Simon contends, his "conviction, sentence, and judgment" for theft in the second degree "should be reversed and his case remanded for judgment and sentencing on the lesser offense of [t]heft in the [f]ifth [d]egree."

We disagree. At the outset, it is not clear whether, as Simon seems to claim, the erroneous admission of evidence could justify *an acquittal* on Simon's conviction of theft in the second degree. Simon has not cited—and we have not found—authority that supports an acquittal under these circumstances. As support for his request, Simon cites only *State v. Henderson*, No. 13-1199, 2014 WL 7343223, at *7 (Iowa Ct. App. Dec. 24, 2014). Yet, *Henderson* involved a claim of

ineffective assistance of counsel in failing to move for judgment of acquittal. *See* 2014 WL 7343223, at *5–7. And Simon's briefs do not mention a motion for judgment of acquittal or a related claim of ineffective assistance. So we see no basis to grant the relief Simon requests. We also decline to order relief he has not requested, such as a new trial.

Even if we place those concerns aside, however, Simon still cannot prevail. The central premise of Simon's appeal is that all of the evidence about the stolen property's value was improperly admitted. But Simon did not object when Ryan Coffin, a member of Frank Millard and Company's senior management, testified that the cost to replace the stolen wheels and tires would be approximately $2400 or $2500.[1] Although Simon's co-defendant (Tensley) raised a hearsay objection to this testimony, Simon "cannot rely on" that objection because "he never moved to join in such objection." *State v. Fuller*, No. 00-1872, 2002 WL 100425, at *1 (Iowa Ct. App. Jan. 28, 2002); *cf. State v. Voelkers*, 547 N.W.2d 625, 631 (Iowa Ct. App. 1996) (finding error preserved even though defendant did not object during trial but counsel entered into blanket agreement to join in any of co-defendant's motions put before the court). So we conclude Simon failed to preserve error. *See State v. Rivera*, 614 N.W.2d 581, 584 (Iowa Ct. App. 2000) (finding a timely objection necessary to preserve error for review); *see also Gavlock v. Coleman*, 493 N.W.2d 94, 98 (Iowa Ct. App. 1992) (finding issue not

---

[1] Jury instruction nineteen stated, in part: "The 'value' of property means its highest value by any reasonable standard at the time of the theft. Reasonable standard includes, but is not limited to, the property's actual value, *its replacement value*, or its market value within the community." (Emphasis added.) Simon does not challenge the jury instructions. So we believe Coffin's testimony as to the replacement cost of the wheels and tires was appropriate evidence of their "value."

preserved in civil matter where appealing party neither made independent objection nor joined in objection of other party).

In his reply brief, Simon invites us to reexamine our cases that require a defendant to raise—or at least join—an objection in order to preserve error. But we normally refuse to consider issues raised for the first time in a reply brief. *Villa Magana v. State*, 908 N.W.2d 255, 260 (Iowa 2018). While there are exceptions, Simon has not pointed to one. *See id.* ("Yet we have noted exceptions."). Moreover, under our rules, Simon's appellate brief was supposed to provide his explanation of how error was preserved. *See* Iowa R. App. P. 6.903(2)(g)(1). Simon attempted to fulfill this requirement by claiming error was preserved through "the defendants' *joint* . . . objections" to Coffin's testimony. (Emphasis added.) But Simon's appellate brief did not claim we should abandon our prior precedents and hold that Simon preserved error through Tensley's *independent* hearsay objection in which Simon *did not join*. So we think that issue is better left for "another case and another day." *See State v. Shackford*, 952 N.W.2d 141, 148 (Iowa 2020) (quoting *State v. Gross*, 935 N.W.2d 695, 704 (Iowa 2019)).

Simon also notes that "[i]n his motion in limine filed before trial, Simon asked for the exclusion of all hearsay evidence." The district court granted the motion but also said its ruling was "only a preliminary ruling; it's not a final determination as to the admissibility of evidence." "So," the court explained, "if there's a question that counsel anticipate is going to call for hearsay, there should be an objection made notwithstanding the court's ruling in limine."

We do not believe error was preserved through the motion in limine or the court's "preliminary ruling." Rather, as the district court properly explained, Simon

was still under an obligation to object to potential hearsay "notwithstanding the court's ruling in limine." By failing to do so, Simon failed to preserve error. *See State v. Delaney*, 526 N.W.2d 170, 177 (Iowa Ct. App. 1994) ("It is generally recognized that a motion in limine does not preserve error since error does not occur until the matter is presented at trial. An objection should be made at trial to preserve error." (citation omitted)).

## IV. Conclusion

We affirm Simon's conviction for second-degree theft.

**AFFIRMED.**