**IN THE COURT OF APPEALS OF IOWA**

No. 20-1361
Filed December 15, 2021

**RODNEY JACKSON,**
    Defendant-Appellant,

**vs.**

**STATE OF IOWA,**
    Plaintiff-Appellee.

_____

Appeal from the Iowa District Court for Woodbury County, Tod Deck, Judge.

Applicant appeals from the denial of his application for postconviction relief.

**AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Badding, JJ.

**GREER, Judge.**

After a finding of guilt on a charge of third-degree harassment, a simple misdemeanor, Rodney Jackson appealed his conviction. His application for discretionary review was denied by the supreme court. With that backdrop, in this appeal, Jackson asserts the district court erred by denying his request for postconviction relief (PCR). He argues that his trial counsel was ineffective for failing to adequately prepare for trial and that this failing prejudiced him. Because he makes only conclusory statements of prejudice, we affirm the district court's denial of the PCR application.

**I. Background and Facts.**

To begin, Jackson was charged with first-degree harassment in February 2018. The charge stemmed from harassing phone calls he was making to B.M., the mother of his adult daughter. B.M. called the police after Jackson told her over the phone that he planned to go to her workplace and kill her, along with other threatening messages. A few days later, police located and arrested Jackson.

Jackson had counsel appointed for him. Counsel informed Jackson that the State was willing to reduce the charge to a simple misdemeanor if he pled guilty. Jackson was not interested in accepting the plea and instead wanted to go to trial. Even so, the State still reduced the charge to third-degree harassment. Jackson and his counsel met once in person to prepare for the trial and traded phone calls before meeting again on the day of trial. At the bench trial, the State called B.M. and the arresting officer, both of whom Jackson's counsel cross-examined. Jackson was found guilty, and his counsel mailed him a copy of the order. The district associate court found the State's witnesses credible and imposed both a

$100 fine and a no-contact order for five years. Jackson stated that he wanted to appeal. However, before counsel could file his drafted notice of appeal with the district court, Jackson appealed pro se claiming ineffective assistance of counsel. The district court denied the appeal, but indicated the PCR claim was preserved. Jackson appealed this ruling and the district court directed the clerk of court to "treat the Defendant's filing of June 19, 2018, as a Notice of Appeal of the Court's 'Ruling on Defendant's Appeal of Conviction.'" To help with the appeal, Jackson requested new counsel. After the court appointed new counsel, the appeal was ultimately denied[1] and procedendo issued.

Next, Jackson filed for PCR alleging ineffective assistance of counsel. He argued that trial counsel was ineffective because he (1) failed to challenge the legality of Jackson's arrest, (2) failed to prepare for trial, (3) failed to lodge objections during trial, (4) conducted insufficient cross-examination, and (5) failed to file a notice of appeal. After a hearing on the application, the district court found that, while Jackson felt unsatisfied with his provided counsel, he did not prove that counsel failed to perform an essential duty or that he had been prejudiced because of it. *See State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)) (laying these components out as requirements for proving ineffective assistance of counsel). As a result, Jackson's application for PCR was denied. He now appeals.

---

[1] The supreme court addressed Jackson's filing as an application for discretionary review and denied the application for failing to demonstrate why extraordinary relief of discretionary review should be granted. *See* Iowa R. App. P. 6.106(1).

**II. Analysis.**

On appeal from the denial of an application for PCR, our review is generally for correction of errors at law. *Villa Magana v. State*, 908 N.W.2d 255, 259 (Iowa 2018). Claims that counsel's assistance was ineffective and, therefore, unconstitutional are reviewed de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). Both parties agree that error was properly preserved for our review.

To succeed on an ineffective-assistance-of-counsel claim, an applicant must prove both prongs of the *Strickland* test—(1) that counsel failed to perform an essential duty and (2) this failure resulted in prejudice. *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019). "[I]f the claim lacks prejudice and can be decided on that ground alone, we need not address whether the attorney failed to perform an essential duty." *State v. Webster*, 865 N.W.2d 223, 231 (Iowa 2015). Prejudice is established when an applicant can "show a reasonable probability that the result of the trial would have been different." *State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020) (quoting *State v. Ambrose*, 861 N.W.2d 550, 557 (Iowa 2015)).

In his appeal, Jackson argues only that his counsel was ineffective because he did not adequately prepare for trial. Jackson contends his trial counsel failed to discuss trial preparation with him and instead focused on advising him to plead guilty.[2] Now on appeal, the only argument relating to prejudice that Jackson proffers is that "[t]he lack of trial preparation negatively affected the appellant's chance of success at trial." These types of "'conclusory claims of prejudice' are not sufficient to satisfy the prejudice element." *State v. Tate*, 710 N.W.2d 237, 241

---

[2] At the PCR hearing, trial counsel testified he and Jackson discussed trial strategy, for example, the "pitfalls" of Jackson's request to subpoena police officers for trial.

(Iowa 2006) (quoting *State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002)). On our de novo review, with no more than this meager assertion and no indication that the outcome at trial would have been different with more preparation, we cannot find that Jackson was prejudiced by counsel's alleged inaction.

**III. Conclusion.**

As Jackson proved no prejudice by his counsel's alleged lack of preparation for trial, we affirm the district court's denial of his PCR application.

**AFFIRMED.**