# IN THE COURT OF APPEALS OF IOWA

No. 19-1609
Filed December 15, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**CODY JAMES ALTIMUS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Mark F. Schlenker, District Associate Judge.

Cody Altimus appeals his conviction for animal abuse. **APPEAL DISMISSED.**

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Greer, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**VOGEL, Senior Judge.**

In July 2019, Cody Altimus pled guilty to animal abuse. On September 24, the district court sentenced him to one year in jail, with all but thirty days suspended. He appeals, arguing he received ineffective assistance of counsel due to his counsel failing to inform him of a valid defense to the charge and failing to provide a sufficient factual basis for his plea, and as a result his plea was not knowing and voluntary.

Effective July 1, 2019, Iowa enacted Senate File 589, which limits Altimus's ability to appeal in two ways. *See* 2019 Iowa Acts ch. 140, §§ 28, 31; *State v. Macke*, 933 N.W.2d 226, 230–31 (Iowa 2019) (discussing Senate File 589). First, newly enacted Iowa Code section 814.6(1)(a)(3) (2019) provides there is no right to appeal "[a] conviction where the defendant has pled guilty" unless "the defendant establishes good cause." Because Altimus pled guilty, he bears the burden to establish good cause to appeal. *See State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). His final brief to us does not address good cause, and thus any claim of good cause is waived. *See* Iowa R. App. P. 6.903(2)(g)(3) (requiring the appellant's brief to contain "the appellant's contentions and the reasons for them" and "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue"). While his reply brief addresses good cause, we generally "will not consider issues raised for the first time in a reply brief." *See Villa Magana v. State*, 908 N.W.2d 255, 260 (Iowa 2018). Furthermore, none of the grounds he asserts in his reply brief have been recognized as good cause to appeal. *See State v. Thompson*, 951 N.W.2d 1, 2 (Iowa 2020) (holding an appeal from an order revoking a deferred judgment provides good cause); *Damme*, 944 N.W.2d at 105

(holding an appeal of a sentence that was not mandatory or agreed to in a plea bargain provides good cause).

Second, newly enacted section 814.7 provides an ineffective-assistance-of-counsel "claim shall not be decided on direct appeal from the criminal proceedings." This provision has no good cause exception. *See* Iowa Code § 814.7; *Damme*, 944 N.W.2d at 108–09. Altimus only raises ineffective-assistance-of-counsel claims on appeal. Therefore, even if Altimus established good cause to appeal from his guilty plea, we would still be unable to consider his ineffective-assistance-of-counsel claim. *See State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (dismissing a claim counsel was ineffective for failing to file a motion in arrest of judgment to challenge a guilty plea).

Because we have no authority to consider Altimus's claims, his appeal must be dismissed.

**APPEAL DISMISSED.**