# IN THE COURT OF APPEALS OF IOWA

No. 20-1397
Filed January 12, 2022

**LAURIE TAYLOR,**
        Plaintiff-Appellant,

**vs.**

**IOWA STATE UNIVERSITY EXTENSION AND OUTREACH WOODBURY COUNTY AGRICULTURAL EXTENSION DISTRICT OFFICE and ACCIDENTFUND INSURANCE COMPANY OF AMERICA,**
        Defendant-Appellees.
_____

        Appeal from the Iowa District Court for Woodbury County, Tod Deck, Judge.


        Laurie Taylor appeals a district court order affirming the Workers' Compensation Commissioner's denial of her claims. **AFFIRMED.**


        Harold K. Widdison, Sioux City, for appellant.

        Valerie A. Foote of Smith Mills Schrock Blades, PC, West Des Moines, for appellees.


        Considered by Mullins, P.J. and Blane and Doyle, S.JJ.*

        *Senior judges assigned by order pursuant to Iowa Code section 02.9206 (2022).

**MULLINS, Presiding Judge.**

Laurie Taylor appeals a district court order affirming the Workers' Compensation Commissioner's denial of her claims. This court will also consider the motion to strike a portion of Taylor's reply brief filed by the Iowa State University Extension and Outreach (ISUEO).

## I.   Background Facts and Proceedings

Taylor was an employee of the ISUEO in May 2015. On May 14, she reported to her office before leaving to give a presentation at a different location. On her way back to the ISUEO office, she was in a car accident when one of the tires fell off of her car. Taylor called police, called a friend to come pick her up from the accident site, and attempted to call her supervisor. The supervisor was out of the office, so Taylor informed the office assistant that she had been in an accident.

The next day, Taylor sought treatment from a chiropractor for injuries she sustained in the accident. When completing her intake forms, Taylor did not indicate her injuries were related to work or should be billed through her employer's workers' compensation insurer. Taylor received an email from her supervisor asking if she would be into work, Taylor replied that she had a "vehicle problem" the day before and was seeking medical treatment. Taylor alleges she spoke to her supervisor on the phone after she left the appointment and her supervisor said her injuries were not work-related. The supervisor testified she is certain she never told Taylor that the injuries were not work-related. Taylor continued to seek medical treatment but did so outside of work hours.

In 2017, Taylor consulted an attorney about a different work-related injury and reported her May 2015 injury to the attorney. The attorney informed Taylor that the May 2015 injury was work-related and should have been handled through workers' compensation. In March 2017, Taylor informed ISUEO that the May 2015 accident that resulted in injury was work-related and that a workers' compensation claim would follow.[1]

The parties litigated the claim and appeared for hearing before a deputy commissioner in October, 2018. An arbitration decision followed in November, denying Taylor's workers' compensation claim on the May 2015 injury due to lack of notice to the employer within ninety days of the injury, pursuant to Iowa Code section 85.23 (2017). Taylor appealed to the commissioner, who, in January 2020, summarily affirmed the deputy's decision and adopted the factual findings and legal conclusions. Taylor then pursued judicial review in the district court, and the court affirmed the commissioner's decision. Taylor appeals.

## II. Standard of Review

Our review is governed by Iowa Code chapter 17A [(2020)],[2] Iowa's Administrative Procedure Act. Section 17A.19 permits a reviewing court to reverse an agency decision when it is in violation of constitutional or statutory provisions, or when it is unsupported by substantial evidence in the record made before the agency when that record is reviewed as a whole. An appeal of a district court's ruling on judicial review of an agency decision is limited to determining whether the district court correctly applied the law in exercising its

---

[1] Taylor submitted another workers' compensation claim for a separate injury; that claim is not a part of this appeal.

[2] References in this opinion to Iowa Code chapter 17A are to the version of the code in force when the petition for judicial review was filed, 2020. References to chapter 85 are to the version of the code in force when the claim for benefits was filed with the commissioner, 2017.

section 17A.19([10])[3] judicial review function. The commissioner's factual findings are binding on us if they are supported by substantial evidence.

*Herrera v. IBP, Inc.*, 633 N.W.2d 284, 286–87 (Iowa 2001) (citations and quotation marks omitted). "Evidence is substantial if a reasonable mind would find it adequate to reach a conclusion. The commissioner's decision does not lack substantial evidence because inconsistent conclusions may be drawn from the same evidence. In such a case, we cannot interfere with the commissioner's conclusions." *Quaker Oats Co. v. Ciha*, 552 N.W.2d 143, 150 (Iowa 1996) (citations omitted).

## III.     Motion to Strike

ISUEO filed a motion to strike brief point four of Taylor's reply brief. Taylor's reply brief point four argues that the notice deadline should have been tolled until Taylor was aware that her May 14, 2015 injury was work-related. Taylor argues she was unaware the injury was a work-related, compensable injury because she was intentionally misled by her supervisor. ISUEO argues that Taylor did not raise the tolling argument before the agency. ISUEO also argues that this court should not consider the argument because it was raised for the first time on appeal in Taylor's reply brief. *See Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992) ("[W]e have long held that an issue cannot be asserted for the first time in a reply brief."). Taylor argued in response to the motion that the timeliness of the notice pursuant to section 85.23 has been essential to the entirety of the present litigation and was

---

[3] The criteria for affirming, reversing, modifying, or granting other relief has since been expanded and moved from subsection (8) of section 17A.19 to subsection (10). *See* 1998 Iowa Acts ch. 1202, § 24.

included in the proof brief filed on January 15, 2021. Our supreme court ordered that the issue be submitted with the appeal.

Our review of the record reveals that Taylor testified, both in deposition and at the October 1, 2018 hearing before a deputy commissioner, that she was told by her supervisor the 2015 car accident was not eligible for workers' compensation. However, the supervisor stated in her deposition that no such statement was ever made. In her post-hearing brief "Background of the Case—2015 Injury" section, Taylor made references to the alleged statements from the supervisor that the claim was not work-related. Still, no tolling argument was made.

The only physical record we have showing that Taylor reported her injury to ISUEO is an email exchange from May 15, 2015, in which Taylor said she was involved in a "vehicle problem" the day before and was seeking medical attention. We find no tolling argument in the record before the deputy commissioner, on appeal to the commissioner, or before the district court. It appears the first time this issue has ever been raised, was in Taylor's reply brief. Because of the long-standing rule that issues typically[4] may not be raised for the first time in a reply brief, we will not consider the issue. *Id.*

---

[4] There are exceptions to the rule, for example when the appellee anticipated the argument in its brief and actually responded to it, thus avoiding any procedural unfairness. *See, e.g., Villa Magana v. State*, 908 N.W.2d 255, 260 (Iowa 2018).

## IV.    Discussion

### A.    Notice of Work-Related Injury

Taylor argues the agency and district court erred in finding she failed to notify ISUEO of her work-related injury within the ninety-day limit pursuant to Iowa Code section 85.23.  She argues her phone call to the office assistant the day of the accident and email exchange and telephone call with her supervisor the day after the accident provided actual notice to ISUEO.  ISUEO does not contest its awareness that a "vehicle problem" occurred, but argues Taylor did not give it notice that it was work-related.

Iowa Code section 85.23 provides the statutory outcome for failure to give an employer notice of a work-related injury within ninety days of the injury—no compensation will be awarded.[5]  The deputy commissioner made the following fact findings.

> At the time of the incident, [Taylor] was working for [ISUEO] as a master gardener coordinator and regional foods coordinator, and she was on her way back to [ISUEO]'s office after teaching an off-site gardening course.  There is no dispute that [Taylor]'s vehicle incident arose out of and in the course of her employment . . . .
>       . . . .
>       [Taylor] made several phone calls after the incident.  She called the police, her insurance company, a friend, and eventually the office in an attempt to speak to her supervisor . . . .  However, [the supervisor] was out of the office, so [Taylor] spoke only to [the office assistant].  [Taylor] told [the office assistant] that she had "been involved in an accident and that—to please pass the information along to [the supervisor]."[6]  [Taylor], however, did not report it as "work-related."

---

[5] Section 85.23 provides two notice alternatives: (1) actual knowledge of the employer or the employer's representative, or (2) the employee "shall give notice." The contents of the "notice" are set forth in section 85.24.

[6] The deputy commissioner found that the office assistant had very limited responsibilities and had no supervisory responsibilities.  The deputy also found the employer's "personnel handbook instructs employees to report work injuries to

. . . .

. . . . [O]n M[ay] 15, 2015, she went to a chiropractor . . . . In the patient intake form, when asked who was responsible for [Taylor]'s bill, [Taylor] marked "Insurance"—not "Employer." In the same form, when asked how payment would be made, [Taylor] marked "Health Insurance" and "Automobile Ins. Policy"—not "Worker's [sic] Comp."

[Taylor] received an e-mail from [her supervisor] while [she] was at [the chiropractor]. The e-mail, which was sent at 10:40 a.m., states: "Just wondered about today—your schedule said you are to be in this am. Did you have a change?"

At 11:43 a.m., [Taylor] responded, "I was involved in a vehicle problem yesterday and had to go to the doctor."

. . . .

Notably, when [the supervisor] emailed [Taylor] on May 15, 2015, [the supervisor] was not aware that [Taylor] taught the gardening course the day before. [Taylor]'s email to [the supervisor] said nothing to alert [her] that the vehicle problem occurred while [Taylor] was on her way back to the office from a work-related teaching engagement or even to indicate it occurred during work hours.

The deputy also examined conflicting testimony from Taylor and her supervisor on whether the supervisor told Taylor the injuries were not work-related and could not be submitted for workers' compensation. The deputy compared Taylor's testimony to the supervisor's and found the supervisor's testimony more credible. The deputy found, and the commissioner and the district court agreed, that the communications were insufficient to provide notice to ISUEO that Taylor's injuries were work-related. On our review of the record, we find substantial evidence was presented to support the deputy's conclusion that no notice was provided to ISUEO that the May 14, 2015 accident was work-related. *See Quaker Oats Co.*, 552 N.W.2d at 150.

---

their direct supervisors—not administrative staff. . . . I therefore find [the office assistant] was not charged with the responsibility of recognizing or reporting potential workers' compensation claims." Taylor also testified that she was aware of the supervisor notification policy.

B. Error Preservation

ISUEO contests error preservation on Taylor's arguments that the district court erred in finding ISUEO ignored an ongoing duty to investigate and that the agency failed to interpret the Workers' Compensation Act liberally. Taylor referenced the liberal-interpretation rule in her post-hearing brief to the deputy commissioner, who did not rule on it explicitly. The commissioner then summarily adopted the ruling of the deputy, making it the final decision of the agency. Taylor then raised the arguments before the district court. The district court chose to consider the duty-to-investigate argument because "it is necessarily incident to or dependent upon the main issue, actual notice." It also chose to address the liberal-interpretation argument after determining it was raised in Taylor's appellate brief to the commissioner.

"[I]n workers' compensation cases appellate review is limited to those matters raised and litigated before the commissioner . . . ." *McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 184 (Iowa 1980) (citing *Polson v. Meredith Publ'g Co.*, 216 N.W.2d 520, 523 (Iowa 1973)). And although the duty-to-investigate argument was raised in Taylor's appellate brief to the commissioner, there is nothing in the commissioner's decision referencing that the argument was considered or litigated. Relying on our long-standing rule that our "review is limited to those matters raised and litigated before the commissioner" we agree with ISUEO that specific issue was not preserved for our review. *Id.*

The liberal-interpretation argument was raised in Taylor's post-hearing brief in the agency proceedings but was not referenced in the deputy's decision, nor was there any litigation of the matter. The commissioner then adopted the deputy's

decision with no further reference to the argument. Without deciding whether that argument was a separate issue that required preservation, we note that "[w]ith respect to the workers' compensation statute in particular, we keep in mind that the primary purpose of chapter 85 is to benefit the worker and so we interpret this law liberally in favor of the employee." *Griffin Pipe Prod. Co. v. Guarino*, 663 N.W.2d 862, 865 (Iowa 2003). We find nothing in the agency's decisions in this matter to conclude it failed to do so.

## V.     Conclusion

Taylor's tolling argument was raised for the first time in her reply brief on appeal and is in violation of our rule against raising an issue for the first time in a reply brief. We thus grant ISUEO's motion to strike that portion of Taylor's reply brief. Because the commissioner's finding that there was not timely notice that Taylor's May 14, 2015 injuries were work-related was supported by substantial evidence, we affirm. Taylor's duty-to-investigate was not raised and litigated before the commissioner, and is not preserved for our review. We find nothing in the record indicating that the agency failed to liberally interpret the act in compliance with statutory directives.

We affirm the district court's decision on judicial review.

**AFFIRMED.**