# IN THE COURT OF APPEALS OF IOWA

No. 21-0611
Filed May 11, 2022

**FORD MOTOR CREDIT COMPANY, LLC,**
Plaintiff-Appellant,

**vs.**

**JANA R. BLEEKER,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Bremer County, DeDra Schroeder, Judge.

A creditor appeals the district court's denial of relief in a deficiency judgment action against a debtor. **AFFIRMED.**

Kevin V. Abbott and Emily X. Douglas of Abbott Osborn Jacobs PLC, West Des Moines, for appellant.

Gary J. Boveia of Boveia Law Firm, Waverly, for appellee.

Considered by May, P.J., and Schumacher and Badding, JJ.

**MAY, Presiding Judge.**

A creditor repossessed a car and then sold it for less than what the debtor owed. Then the creditor brought this action for a deficiency judgment.[1] Following a bench trial, the district court dismissed the creditor's claims because the creditor failed to prove that it notified the debtor before selling the car. We affirm.

**I. Background Facts & Proceedings**

In 2014, Jana Bleeker bought a new Ford Focus. She financed her purchase through Ford Motor Credit Company (Ford).

Over the course of the loan, Bleeker missed some of the payments. When this happened, Ford mailed Bleeker documents titled "notice of default and right to cure." On the first two occasions, Bleeker called Ford and cured the deficiency. However, on the third late payment, Ford accelerated one year of payments. This meant Bleeker had to pay nearly $5800 right away. Bleeker couldn't make that payment. So Bleeker turned the car over to Ford.

A few months later, Bleeker received a letter stating Ford had already sold the car for $2800 at a private auction. Bleeker claims she received no communication from Ford between the repossession and the post-sale letter. On the other hand, Ford claims it mailed a "notice of our plan to sell property" (pre-sale notice) to Bleeker's address prior to the auction. At any rate, Ford brought this action to recover the remaining $12,540.21 due on the loan.

---

[1] A deficiency judgment is "[a] judgment against a debtor for the unpaid balance of the debt if a foreclosure sale or a sale of repossessed personal property fails to yield the full amount of the debt due." *Judgment*, *Black's Law Dictionary* (11th ed. 2019).

At trial, a representative from Ford testified that some documents, such as the pre-sale notice, are typically mailed by an automated system. While Ford's representative testified he was "very confident" that Ford's automated systems sent a pre-sale notice to Bleeker, he conceded that he was not personally involved in sending it and could not confirm with certainty that it had been sent. Bleeker testified she never received the pre-sale notice. If she had received it, Bleeker testified, she would have called Ford "and found out more information on the procedures and steps to protect myself."

Following trial, the district court issued an order denying Ford's petition. The court expressly found Bleeker's "testimony was credible." And the court highlighted limitations in the Ford representative's testimony, particularly his inability to provide details about "where the notice would have originated from, how it was generated specifically, if postage was attached, and how the same was actually mailed." Ultimately, the court concluded, Ford had failed to meet its burden of showing it provided the pre-sale notice to Bleeker. So the court found Ford was barred from recovering a deficiency judgment. Ford appealed.

## II. Standard of Review

Our review is for correction of errors at law and for findings of fact not supported by substantial evidence. *Pippen v. State*, 854 N.W.2d 1, 8 (Iowa 2014). "[W]hen the trial court following a bench trial has denied recovery because a party failed to sustain its burden of proof on an issue, we will not interfere with the trial court's judgment unless we find the party has carried its burden as a matter of law." *Falczynski v. Amoco Oil Co.*, 533 N.W.2d 226, 230 (Iowa 1995). "We will conclude a party has carried such a burden only when the evidence is so overwhelming that

only one reasonable inference on each critical fact issue can be drawn." *Schmitz v. Crotty*, 528 N.W.2d 112, 115 (Iowa 1995).

## III. Discussion

Ford advances two arguments on appeal. First, it argues the district court incorrectly concluded Ford failed to meet its burden. Second, Ford argues that it should still be entitled to recover a deficiency even if it failed to notify Bleeker. We address each argument in turn.

### A. Ford's Burden

Ford acknowledges that it bore the burden of proving that it gave Bleeker timely notice of Ford's planned sale of the Focus.[2] *See* Iowa Code § 554.9611(2) ("[A] secured party that disposes of collateral under section 554.9610 shall send to [the debtor] a reasonable authenticated notification of disposition."); *cf. Montgomery Ward, Inc. v. Davis*, 398 N.W.2d 869, 870 (Iowa 1987) (holding the creditor bears the burden to prove that it gave the notice required by Iowa Code section 537.5110). While direct evidence of mailing can prove notice, our supreme court has also held that notice may be established through testimony describing office customs or computerized systems through which businesses provide notices in the ordinary course of business. *See Montgomery Ward*, 398 N.W.2d at 872; *Pub. Fin. Co. v. Van Blaricome*, 324 N.W.2d 716, 721 (Iowa 1982). Ford appears to argue that, considering the Ford representative's testimony describing computerized mailings, we must reverse the district court.

---

[2] In its brief, Ford cites Iowa Code section 554.9601 (2020) for the proposition that, "[t]o be successful on its claim for the deficient balance owed, Iowa law required" Ford "to show it sent" the required notice. We need not decide whether this is a correct interpretation of section 554.9601.

We disagree. To overturn the district court's finding and prevail on appeal, Ford must show that the *only* reasonable conclusion from the evidence is that Ford *in fact* provided notice to Bleeker. *See Falczynski*, 533 N.W.2d at 230. Ford cannot make that showing here. For one thing, Bleeker testified that—although she'd received other correspondence from Ford—she didn't receive the pre-sale notice. And the district court found Bleeker credible. Moreover, Ford did not produce a witness who could testify *from first-hand knowledge* that a pre-sale notice was *actually* sent to Bleeker. And even if that testimony had been provided, a judge in a bench trial is generally entitled to "believe all, part or none of any witnesses' testimony." *See* Iowa Civ. Jury Instructions 100.9. In any event, the district court was not *obligated* to accept the actual testimony of the Ford representative, who was "very confident" that Ford's automated systems sent the notice but could not provide details about how it was sent, e.g., whether it was mailed from Colorado Springs, Colorado, or Mesa, Arizona. So the court was not obligated to find Ford met its burden of proving the pre-sale notice was actually sent.[3]

### B. Ford's Recovery

Ford also argues that—even if it failed to notify Bleeker—it should still be permitted to recover a deficiency. Yet Ford did not raise this alternative argument

---

[3] In its reply brief, Ford argues that, in a summary judgment ruling, the district court found notice *had been* given to Bleeker. Ford argues that that summary judgment finding "should have remained in effect at trial."

We doubt that Ford preserved error on this argument. In any event, we generally "will not consider issues raised for the first time in a reply brief." *Villa Magana v. State*, 908 N.W.2d 255, 260 (Iowa 2018). While there are exceptions, *see id.*, Ford does not identify one. So we decline to consider this argument.

before the district court. So the district court made no ruling on it. And we are a court of error correction. Iowa Code § 602.5103(1). "[W]ithout any ruling from the district court on" Ford's alternative recovery claim, "there is nothing for us to correct or consider." *See State v. Groat*, No. 19-1809, 2021 WL 1016593, at *4 (Iowa Ct. App. Mar. 17, 2021). So we decline to address Ford's alternative argument.

## IV. Conclusion

Because the district court did not err by finding Ford failed to satisfy its burden, we affirm.

**AFFIRMED.**