# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0891
Filed April 29, 2026

———————————

**Eric Mel Thompson,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

———————————

Appeal from the Iowa District Court for Pottawattamie County,
The Honorable Jennifer Benson Bahr, Judge.

———————————

**AFFIRMED**

———————————

Des C. Leehey (argued) of Cameron Leehey Law Firm, PLLC, Cedar
Rapids, attorney for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino (argued),
Assistant Attorney General, attorneys for appellee.

———————————

Heard at oral argument
by Greer, P.J., and Buller and Langholz, JJ.
Opinion by Buller, J.

**BULLER, Judge.**

Eric Thompson appeals the denial of his fourth application for postconviction relief, urging the supreme court's decision in *State v. White* should be applied retroactively to vacate his conviction, even though a confrontation challenge was decided adversely to him multiple times over the last twenty years. *See* 9 N.W.3d 1, 8–9 (Iowa 2024). We conclude *White* is not retroactive and affirm.

## BACKGROUND FACTS AND PROCEEDINGS

In October 1999, Thompson kidnapped and sexually abused a ten-year-old child and was charged with first-degree kidnapping and attempted murder. The State moved to admit the child-victim's deposition in lieu of live testimony at trial and asked the court to order that Thompson observe the deposition from a separate room. The motion was supported by documents and testimony from mental-health therapists opining that the child-victim testifying in proximity to Thompson would likely re-traumatize her and likely impair her ability to testify or cause her to "freeze."

A jury found Thompson guilty of kidnapping in the first degree and assault causing bodily injury, which merged at sentencing and led to a sentence of life without parole. This court affirmed the conviction on direct appeal, rejecting a Confrontation Clause challenge to the child-victim's recorded testimony and sufficiency and jury-instruction challenges regarding the kidnapping charge. *See State v. Thompson*, Nos. 0–744, 00-0387, 2000 WL 1868961, at *1 (Iowa Ct. App. Dec. 22, 2000).

In 2002, Thompson filed his first postconviction action raising numerous claims, including but not limited to a confrontation challenge and a claim of ineffective assistance. The district court denied relief, and this

court affirmed. *Thompson v. State*, No. 05-1231, 2006 WL 2419128, at *2, *4–5 (Iowa Ct. App. Aug. 23, 2006). In 2012, he filed a second postconviction action, again raising various claims. The district court denied relief, and this court again affirmed. *Thompson v. State*, No. 13-0421, 2014 WL 970059, at *1 (Iowa Ct. App. Mar. 12, 2014). And in 2018, he filed a third application for postconviction relief, largely focused on challenging the attorneys' performance in his previous postconviction cases. Again, the district court denied relief, and this court affirmed. *Thompson v. State*, No. 19-0322, 2020 WL 2060310, at *1, *4 (Iowa Ct. App. Apr. 29, 2020).

Thompson filed his fourth application for postconviction relief, giving rise to this appeal, in 2025. His sole claim was that the supreme court's decision in *White* should be applied retroactively to find the child-victim's testimony at trial violated his right to confrontation under the Iowa Constitution. *See* 9 N.W.3d at 8–9. The parties below filed cross-motions for summary disposition, each alleging they were entitled to judgment as a matter of law. The postconviction court, following the parties' framing, concluded that *White* was not a "watershed" rule and therefore did not apply retroactively to warrant relief for Thompson.[1] Thompson appeals.

## STANDARD OF REVIEW

We generally review a postconviction ruling for correction of errors at law. *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016). But to the extent constitutional issues are implicated, our review is de novo. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

---

[1] The court did not rule on any issue relating to the statute of limitations, the piecemeal-litigation bar, or collateral estoppel. *See* Iowa Code §§ 822.3, .6, .8 (2025). As the parties do not press those issues on appeal, we express no opinion on them.

# DISCUSSION

On appeal, Thompson generally follows the lead of the postconviction court and parties below, focusing on whether *White* qualifies as a "watershed" rule under federal law. But we think this analysis is a bit off track, and we focus instead on existing Iowa Supreme Court precedent. Although we frame the issue differently, we come to the same ultimate conclusion as the postconviction court—that *White* is not retroactive.

*White* was not the first time Iowa courts have grappled with a change in our understanding of the right to confrontation. In *Coy v. Iowa*, the United States Supreme Court reversed our supreme court to hold that the testify-behind-a-screen procedure employed in our state trial courts was unconstitutional. 487 U.S. 1012, 1021–22 (1988). Three years later in *Morgan v. State*, our supreme court expressly held that *Coy* was not retroactive and did not apply to finally adjudicated cases. 469 N.W.2d 419, 425 (Iowa 1991). Thirteen years later, the United States Supreme Court decided *Crawford v. Washington*, ushering in the modern testimonial-statements analysis. 541 U.S. 36, 51–52, 68 (2004). And a year after *Crawford*, our supreme court held in *State v. Williams* that *Crawford*'s change to Confrontation Clause jurisprudence was not retroactive. 695 N.W.2d 23, 29 (Iowa 2005). As an intermediate appellate court, we see little to no daylight between the fallout of *White* and the aftermath of *Coy* and *Crawford*, so we come to the same conclusion as our supreme court following those cases and conclude that *White* does not apply retroactively to convictions like Thompson's.

Before closing, we note why we do not use the "watershed" rule language relied on by Thompson's opening brief and the postconviction

court.[2] In short, the United States Supreme Court essentially says there is no such thing when it comes to criminal procedure. *See Edwards v. Vannoy*, 593 U.S. 255, 271–72 (2021) ("New procedural rules do not apply retroactively on federal collateral review. The watershed exception is moribund."). The only case to ever be applied in such a fashion is *Gideon v. Wainwright*, 372 U.S. 335, 344–45 (1963) (recognizing right to appointed counsel). Even *Miranda v. Arizona*, 384 U.S. 436, 478–79 (1966) (requiring warnings for privilege against self-incrimination), and *Mapp v. Ohio*, 367 U.S. 643, 655 (1961) (holding evidence obtained from unconstitutional searches and seizures inadmissible in court), only apply prospectively. As *Morgan* and *Williams* recognize, a new understanding of the confrontation right is not akin to *Gideon*. And because Thompson does not argue for any divergent interpretation of the Iowa Constitution, this ends the analysis.

Last, we observe that, even if *White* had retroactive application, evidence of Thompson's guilt was overwhelming, and any error was harmless beyond a reasonable doubt. As we highlighted in the direct-appeal opinion, there was an excited-utterance outcry from the child-victim, the child's t-shirt was found in a bag in Thompson's Jeep, her blood-soaked underwear was found in Thompson's gas can, her bloodstains were found in Thompson's truck, and semen found on the child-victim's clothes matched Thompson's DNA. *Thompson*, 2000 WL 1868961, at *1–2. The record also contains evidence of vaginal tearing, perineal bleeding, and other physical

---

[2] In his reply brief, Thompson's argument shifts a little. To the extent he argues in reply that the confrontation right is substantive rather than procedural, this comes too late. *See Villa Magana v. State*, 908 N.W.2d 255, 260 (Iowa 2018) ("Generally, we will not consider issues raised for the first time in a reply brief."). And it's legally erroneous. *See generally Morgan*, 469 N.W.2d at 422–25 (repeatedly describing the confrontation issue as a "rule of criminal procedure").

injuries; the child-victim's mother observed handprints around her neck; and when a family member asked what happened, the child-victim "started bawling and saying, 'I can't tell you. Eric will kill me.'" We are confident Thompson would've been convicted even without the child-victim's testimony.[3] *Cf. White*, 9 N.W.3d at 14–15 (analyzing for harmless error). So even a retroactive application of *White* would not warrant a new trial.

**AFFIRMED.**

---

[3] We note the supreme court has not closed the door on two-way remote testimony by child-victims. *White*, 9 N.W.3d at 20 (Christensen, C.J., dissenting); *State v. Lindaman*, 30 N.W.3d 547, 579 (Iowa 2025) (Waterman, J., dissenting). We assume without deciding that the harmless-error analysis requires us to evaluate the evidence as if the victim's remote testimony was excluded in its entirety.