# IN THE COURT OF APPEALS OF IOWA

No. 20-1531
Filed January 12, 2022

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**KENNETH HOXSEY,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Scott County, Mark R. Fowler,

Judge.


     Kenneth Hoxsey appeals his sentence of incarceration.  **AFFIRMED.**



     Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant

Appellate Defender, for appellant.

     Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney

General, for appellee.


     Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

In his guilty plea, Kenneth Hoxsey admitted he committed burglary in the third degree and then—just two weeks later—burglary in the second degree. The presentence investigation report (PSI) recommended incarceration. At sentencing, the State adopted the PSI's recommendation. Hoxsey asked for suspended sentences instead. The district court ordered immediate incarceration. On appeal, Hoxsey argues the court abused its discretion by declining to suspend his sentences.

We begin by considering whether we have jurisdiction to hear Hoxsey's appeal.[1] *See Crowell v. State Pub. Def.*, 845 N.W.2d 676, 681 (Iowa 2014) ("Although no party challenges this court's jurisdiction in this case, an appellate court has responsibility *sua sponte* to police its own jurisdiction."). Under Iowa Code section 814.6(1)(a)(3) (2020), there is no right of appeal "from . . . [a] conviction where the defendant has pled guilty." There is an exception for cases in which "the defendant establishes good cause." Iowa Code § 814.6(1)(a)(3). In *State v. Damme*, our supreme court first considered the requirements of section 814.6(1)(a)(3) in the context of a sentencing challenge; the court concluded:

> We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea. Damme received a discretionary sentence that was neither mandatory nor agreed to as part of her plea bargain, and she is appealing that sentence and asking for resentencing without challenging her guilty plea or conviction. A sentencing error invariably arises after the court has accepted the guilty plea. This timing provides a legally sufficient reason to appeal notwithstanding the guilty plea.

---

[1] The State concedes we have jurisdiction.

944 N.W.2d 98, 105 (Iowa 2020).

On its face, section 814.6(1)(a)(3) might seem to require that a defendant appealing following a guilty plea always carries the burden to raise and establish good cause to appeal, even in a sentencing case, notwithstanding the holding in *Damme*. Subsequent supreme court case law convinces us *Damme* should not be read so narrowly. In *State v. Fetner*, the court considered a direct appeal of a sentence following a guilty plea. 959 N.W.2d 129, 131, 134–37 (Iowa 2021). Fetner did not argue he had good cause to appeal, the State requested the appeal be dismissed, and Fetner replied that Iowa Code section 814.6(1)(a)(3) is unconstitutional or he had good cause to appeal. Brief for Defendant-Appellant, State v. Fetner, 959 N.W.2d 129 (2021) (No. 19-1561), 2020 WL 8765968; Brief for Plaintiff-Appellee, State v. Fetner, 959 N.W.2d 129 (2021) (No. 19-1561), 2020 WL 8765969, at *6-7; Reply Brief for Defendant-Appellant, State v. Fetner, 959 N.W.2d 129 (2021) (No. 19-1561), 2020 WL 8765970, at *13–24. On appeal, we found the good cause requirement satisfied based on *Damme*. *State v. Fetner*, No. 19-1561, 2020 WL 5650498, at *1 n.1 (Iowa Ct. App. Sept. 23, 2020), *vacated by Fetner*, 959 N.W.2d at 137. On further review, the supreme court agreed. *Fetner*, 959 N.W.2d at 134 n.1. We follow the supreme court's lead and consider the sentencing issue raised on appeal.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). A sentence "will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* We will not find an abuse of discretion "unless we are able to discern that the decision

was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

Hoxsey does not claim "consideration of inappropriate matters" or any other irregularity in the sentencing procedure. *See id.* Indeed, the district court properly explained the reasons for its sentence, including Hoxsey's extensive criminal history; his many prior sentences, including sentences of incarceration "in four different states"; and his noncompliance while he was in jail awaiting sentencing in this case. Those reasons were not "clearly untenable or unreasonable." *Id.* There was no abuse its discretion.

We acknowledge the various points Hoxsey raised at sentencing and again in his appellate brief, such as the fact that he had already sat in jail for six months by the time of sentencing; his acceptance of responsibility for the burglaries; his recognition of benefits available to him in the community; and "the concern that further incarceration would tend to detract rather than contribute to his ability" to become a functioning member of the community. The fact none of those facts or concerns convinced the sentencing court to order a suspended sentence rather than immediate incarceration does not show an abuse of discretion. *See State v. Busch*, No. 14-1662, 2015 WL 1331878, at *2 (Iowa Ct. App. Mar. 25, 2015) ("A trial court has broad discretion in sentencing and has no obligation to grant a lenient or suspended sentence.").

**AFFIRMED.**

Ahlers, J., concurs specially; May, J., dissents.

**AHLERS, Judge** (specially concurring).

I join in Judge Mullins's opinion, as I believe it correctly interprets and applies the law as it currently stands on the jurisdictional question. I believe it also reaches the correct outcome on the merits. I write separately to express my agreement with the practical nuances to the jurisdictional question that are raised in the dissent, even though I conclude that controlling supreme court precedent prohibits me from joining the dissenting opinion.

If we were considering the question anew, I would find the dissent's approach to the jurisdictional question appealing from a statutory interpretation standpoint. *See* Iowa Code § 814.6(1)(a)(3) (2020) (providing an exception to the prohibition on an appeal following a guilty plea "in a case where *the defendant establishes* good cause" (emphasis added)). After all, the statutory burden is on the defendant to establish good cause, and it seems reasonable to require the appealing defendant to attempt to meet that burden in the defendant's initial brief. However, we are not painting on a blank canvas, and the court of appeals is "not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). As Judge Mullins persuasively explains, supreme court precedent holds that a defendant has good cause to appeal from a sentence following a guilty plea when the sentence is neither mandatory nor agreed to as part of a plea bargain, even if the defendant does not explicitly assert to us that "good cause" exists. *See State v. Fetner*, 959 N.W.2d 129, 134 n.1 (Iowa 2021); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). "Good cause" is not in doubt here because the record establishes Hoxsey appeals from a discretionary

sentence that is neither mandatory nor agreed to in a plea bargain and the State concedes jurisdiction.

However, it may not always be clear or conceded that a defendant pleaded guilty and is challenging a sentence that meets *Damme*'s categorical grant of good cause (i.e., a sentence that is discretionary and neither mandatory nor agreed to pursuant to plea bargain).  If good cause is not clear and the defendant does not explicitly brief "good cause," the State is left to argue against "good cause" without knowing the basis for the defendant's claim.  If the defendant's reply brief reveals the defendant had some other basis for "good cause" in mind, then the State, which only gets one brief, does not get the chance to respond.  *See* Iowa R. App. P. 6.903 (providing the procedure and requirements for briefing).  This reversal of the order of arguments disadvantages the State, it disadvantages the court, and it can disadvantage the defendant if we cannot consider good-cause arguments raised for the first time in the defendant's reply brief.  *See Villa Magana v. State*, 908 N.W.2d 255, 260 (Iowa 2018).   Furthermore, if, as here, the State does not raise the issue, the court is then put in the position of having to dig through the record to try to establish "good cause," resulting in us taking on a task and an advocacy role not intended by our rules of appellate procedure or the statute.

Regardless of the outcome here, a defendant places unnecessary burdens on everyone by forcing the State and the court to guess at the basis for "good cause."  For that reason, the defendant appealing following a guilty plea should always explicitly address "good cause" in the appellant's brief.  A short paragraph is sufficient to address "good cause" when the basis is straightforward, as it is here. While failure to raise "good cause" is not always fatal under supreme court

precedent, the defendant assumes considerable risk by leaving the arguments up to the State and the court, and the defendant may never have the opportunity to present his or her basis for "good cause" if the issue is more complicated than assumed.

**MAY, Judge** (dissenting).

Because I am not convinced we have jurisdiction, I must respectfully dissent.

As the majority correctly notes, jurisdiction depends on whether Kenneth Hoxsey "establishe[d] good cause." Iowa Code § 814.6(1)(a)(3) (2020). But Hoxsey has said nothing about "good cause." His brief does not mention "good cause." So I struggle to see how Hoxsey "*establish*[*ed*] good cause." *Id.* (emphasis added); *see Establish*, Black's Law Dictionary (11th ed. 2019) ("To prove; to convince someone of <the House managers tried to establish the president's guilt>"); *see also State v. Vaughan*, 859 N.W.2d 492, 503 (Iowa 2015) (finding waiver where party presented "no argument in support of his contention"); *State v. Louwrens*, 792 N.W.2d 649, 650 n.1 (Iowa 2010) ("Moreover, passing reference to an issue, unsupported by authority or argument, is insufficient to raise the issue on appeal.").

To be clear, I am not arguing Hoxsey *couldn't have* "establish[ed] good cause." *See* Iowa Code § 814.6(1)(a)(3). As the majority correctly notes, cases like *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020), may have provided Hoxsey with potent ammunition.[2] But who must load the gun and pull the trigger? If a defendant declines to make an argument as to why the facts and law support a

---

[2] Note, though, that *Damme* does not require a finding of "good cause" solely because a defendant challenges their sentence. Rather, as the court explained in *State v. Thompson*, *Damme* only "held that a defendant who is not challenging her guilty plea or conviction has good cause to appeal an alleged sentencing error when the sentence was neither mandatory nor agreed to in the plea bargain." 951 N.W.2d 1, 2 (Iowa 2020). Hoxsey's brief did not discuss *Damme*, *Thompson*, or their requirements for a finding of "good cause."

finding of "good cause," I do not think we are obliged to argue for them. *See, e.g.*, *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974). Rather, I think the argument should come from defendant's brief. This approach aligns closely with the words of the statute, which expressly require "*the defendant*" to "*establish*[] good cause." Iowa Code § 814.6(1)(a)(3) (emphasis added). It also aligns with our supreme court's teaching that "defendant *bears the burden* of establishing good cause for the appeal to go forward." *State v. Tucker*, 959 N.W.2d 140, 151 (Iowa 2021) (emphasis added).

Because Hoxsey did not brief the issue of good cause, I am not convinced Hoxsey established good cause. So I believe we should dismiss Hoxsey's appeal. I must respectfully dissent.[3]

---

[3] Two final notes: First, I appreciate the majority's research concerning *State v. Fetner*, 959 N.W.2d 129, 135 (Iowa 2021), and its briefs. As the *Fetner* court explained, the parties *there* submitted their briefs before *Damme* was decided in May 2020. *Fetner*, 959 N.W.2d at 134 n.1 ("We decided *Damme* after the parties submitted their briefs in this case."). Conversely, Hoxsey filed his proof brief in May 2021, over eleven months after *Damme* was decided. So, unlike the *Fetner* appellant, Hoxsey could have made an argument based on *Damme*—if Hoxsey had chosen to address the good-cause issue as required by statute.

Second, as the majority notes, the State concedes jurisdiction. As discussed, though, section 814.6(1)(a)(3) requires "the defendant" to "establish[] good cause." By its plain terms, the statute focuses entirely on "the defendant['s]" actions, not the State's.